Beck *v.* Koester *et al.*

No. 8326.

## BECK *v.* KOESTER ET AL.

JUDGMENT.—*Motion to Set Aside.—Notice.—Statute Construed.*—A motion for relief from a judgment under section 99 of the civil code of 1852 (R. S. 1881, section 396), is not such a proceeding as justifies notice to the opposite party by publication in a newspaper, as provided by section 38 of the code of 1852 (R. S. 1881, sec. 318).

From the Gibson Circuit Court.

*J. E. McCullough* and *L. C. Embree,* for appellant.

*H. A. Yeager* and *P. Maier,* for appellees.

NIBLACK, J.—In April, 1877, Louis Koester and Frederick Korf commenced an action in the court below against Mrs. Elizabeth W. Beck and Francis E. Beck, on a promissory note, and, upon the filing of an affidavit and an attachment bond, procured a writ of attachment to be issued against the property of the defendants. Under that writ the sheriff seized and took into his possession certain property of the defendant Elizabeth W. Beck. The attachment proceedings were, however, afterwards dismissed. Mrs. Beck thereupon commenced an action upon the attachment bond against Koester and Korf, and John Oswald, their surety thereon, in the same court, and, upon a trial by the court, obtained a finding in her favor for the sum of one dollar for her damages. Judgment was afterwards rendered in her behalf for that sum, and for full costs, estimated to amount to something near one hundred and twenty-five dollars.

Before the next term of court the defendants, Koester, Korf and Oswald, filed in the clerk's office their motion, in the form of a complaint in writing, alleging that under the statute (section 398 of the code of 1852), the plaintiff was entitled to a judgment for costs only for an amount equal to the damages assessed, that is to say, for the sum of one dollar; that the judgment in the cause was not entered of record until after the term had expired; that by reason thereof they,

the defendants, had no opportunity of objecting to the judgment at the time it was entered; that such judgment was entered in the form in which it was by inadvertence and the mistake of the clerk, and asking that the judgment might be so amended that the plaintiff should be allowed to recover only the sum of one dollar for her costs.

The plaintiff having in the mean time become a non-resident of this State, the defendants filed in the clerk's office an affidavit, averring her non-residence and that a cause of action existed against her in their favor. The clerk thereupon caused notice to be published in one of the newspapers of the town of Princeton, notifying her to appear in the court below in an action in which the said Koester, Korf and Oswald were plaintiffs, and she was defendant, and answer the complaint filed against her. At the next term of court after such notice had been published, Mrs. Beck entered a special appearance and moved to set aside the notice on the grounds:

First. That it did not purport to be a notice in the action in which the motion to correct the judgment had been filed, as above set forth.

Secondly. That the proceeding then before the court was one in which notice by publication was not authorized by law.

The motion to set aside the notice was, nevertheless, overruled. Issue was then joined upon the facts alleged in the motion, and the court, after hearing the evidence, ordered the judgment for costs to be amended as prayed for in the motion, and entered judgment accordingly.

Mrs. Beck has appealed and assigned error upon the proceedings on the motion to correct the judgment for costs.

The latter clause of section 99 of the code of 1852, as amended, provides that the court " shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise or excusable neglect, and supply an omission in any proceedings on complaint or motion filed within two years;" and it is only under that clause of the statute that we are able to classify the proceedings appealed from in this case.

2 R. S. 1876, p. 82. In proceedings under that clause, opposing parties can not be brought into court by the publication of a notice in a newspaper.

Section 38 of the code of 1852, providing for notice by publication in certain cases, has reference only to the commencement of original actions, or to actions in the nature of original actions, and consequently has no application to merely supplemental proceedings like those before us.

Furthermore, if this could in any sense be classed as an original action, it did not fall within the provisions of that section on the subject of constructive notice.

The notice purporting to be published in this cause ought, therefore, to have been set aside as unauthorized by law, and as inoperative against the appellant.

Neither did the evidence sustain the allegations contained in the motion. There was no evidence tending to show that the judgment was not entered until after the close of the term, or to establish any other fact which might reasonably have prevented the appellees from objecting to the judgment complained of at the time it was rendered.

The judgment is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.