## DARDENNE v. DANIELS et al.

No. 14880—Opinion Filed March 11, 1924.

Rehearing Denied April 8, 1924.

(Syllabus.)

1. **Action—Proceeding to Set Aside Judgment—"Another Action Pending" as Ground of Demurrer.**

Proceedings by petition under section 810, Compiled Oklahoma Statutes, 1921, to set aside a judgment for fraud practiced by the successful party in obtaining such judgment, constitutes a civil action, and not a mere special proceeding, and when otherwise applicable and sufficient, it comes within the third ground of demurrer set out in section 268, Compiled Oklahoma Statutes, 1921, as another action pending.

2. **Same—Waiver of Objection.**

While the pendency of another action between the same parties for the same cause when same so appears upon the face of the petition constitutes a ground for demurrer, the defect is waived unless a demurrer is filed on that ground.

3. **Pleading—Insufficiency of Demurrer to Petition.**

In the consideration of a demurrer to a petition, the court will not look to the allegations of the petition unless a lawful ground of demurrer is stated in the demurrer itself. Where the demurrer is based on the allegations that "there is another special proceeding pending in the court for the purpose of vacating the judgment which is sought to be vacated in this action," the demurrer is insufficient in that respect because the pendency of a special proceeding is not a ground of demurrer. Such demurrer must be overruled, even though the allegations of the petition itself show that the other proceeding so pending really constitutes a civil action.

4. **Judgment—Motion for Vacation Exclusive of Equity—Rule Applied to Incompetents.**

Where the plaintiff brings an independent suit in equity to set aside a judgment on the ground that it was obtained by fraud practiced by the successful party, and it appears that the remedy provided by section 809, Compiled Oklahoma Statutes, 1921, and the statutes in support thereof would afford the plaintiff full, speedy, complete and adequate relief, and there are no allegations in the petition showing that such remedy is then unavailable, the court rightfully sustained a demurrer to said petition

based on the insufficiency of the petition. This rule is applicable to a case where the plaintiff in the independent suit in equity is an incompetent person, bringing such suit in his own name by and through his guardian, and where the judgment sought to be vacated was rendered against him before he became legally incompetent and in a suit where he appeared as plaintiff in his own name alone.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by Abram Dardenne, Jr., against J. A. Daniels and others. Judgment for defendants, and plaintiff brings error. Affirmed.

E. B. Morgan, E. C. Fitzgerald, and Geo. T. Webster, for plaintiff in error.

Frank Nesbitt, J. G. Austin, and Ray McNaughton, for defendants in error.

LYDICK, J. On February 16, 1923, Abram Dardenne, Jr., an incompetent person, acting by and through Royal L. Mann, his guardian, filed this suit in the district court of Ottawa county against J. A. Daniels, Scott A. Yeargain, J. S. Cheyne, Paul Damon Dardenne, a minor, and the Ottawa National Bank, a corporation, as defendants. It is to be observed the ward himself is the plaintiff, and it is so clearly alleged therein, although he proceeds by acting through his guardian. In said suit he sought to cancel a deed of record executed and delivered by · him as grantor, conveying certain described lands in said county unto one of the defendants, and upon which rested all the title and interest of all the defendants. The defendants filed a demurrer to said petition, which demurrer was by the court sustained. The plaintiff. excepted, and brings the case here on appeal by petition in error with transcript of the record attached, complaining that the court erred in sustaining said demurrer.

From the allegations of the petition filed on February 16, 1923, the following material facts appear, to wit: That on a certain date, not herein disclosed, but which was prior to March 6, 1921, Abram Dardenne, Jr.; plaintiff herein, then being an adult and not then under an adjudged disability as an incompetent person, filed his suit in the district court of Ottawa county, naming therein as defendants those who are made defendants here. In this action, he sought to cancel the same deed to the same land and to obtain the same relief against the same parties which the plaintiff in this second case now before the court endeavors to obtain. It is further alleged in the petition filed in the second suit, which is the case at bar, that on March 26, 1921, and in the first suit so filed, the defend-

ants therein obtained a judgment in said first suit, denying to said Abram Dardenne, Jr., any relief whatsoever and quieting the title to the land involved in certain of the defendants and barring said Abram Dardenne, Jr., from claiming any interest therein. Thereafter and prior to the time when this second suit was filed and within two years from the date the judgment in the first suit was rendered against the said Abram Dardenne, Jr., and while he was an adult and not under an adjudged disability as an incompetent person, he, the said Abram Dardenne, Jr., filed in the first suit his petition to vacate said judgment. Apparently the petition to vacate was filed in accordance with the fourth subdivision of section 810, Compiled Oklahoma Statutes, 1921, which provides as follows:

"The district court shall have power to vacate or .modify its own judgments or orders at or after the term at which such judgment or order was made: * * * Fourth, for fraud, practiced by the successful party, in obtaining the judgment or order."

In that petition to vacate, filed in the first suit as stated, the said Abram Dardenne, Jr., did make allegations intended at least to be sufficient, and in fact they probably are sufficient, to constitute grounds for the vacation of said judgment by said court. A summons was issued thereon and served upon the defendants, as provided by section 812, Compiled Oklahoma Statutes, 1921. Thereupon, the defendants appeared and demurred to the sufficiency of the petition to vacate filed in said first suit and said demurrer was overruled, and said case continued to remain pending upon the undetermined and undisposed of petition to vacate said judgment, with defendants having been brought into the court by proper service of process and making a general appearance therein. After all these things had happened and while said petition to vacate was so pending and undisposed of, the said Abram Dardenne, Jr., was lawfully adjudged to be an incompetent person and Royal L. Mann appointed and qualified as his guardian, said judgment adjudging said Abram Dardenne, Jr., to be an incompetent person and appointing said guardian having been made on November 24, 1922.

Thereafter and on February 16, 1923, within two years from the date on which the · judgment was rendered in the first suit against the said Abram Dardenne, Jr., and in favor of the defendants in said action, who are defendants in this action, and within the time when proceedings to vacate could be instituted under section 810, supra, the said Abram Dardenne, Jr., acting by and through his said guardian, ig-

noring his rights under said statute and under the said proceedings then pending thereunder, filed this suit in equity in the district court of Ottawa county. Now all the aforesaid facts are set out in the petition in the second suit, the case here at bar. It is affirmatively recited in the petition in the second suit that the petiton to vacate, filed in the first suit, was then yet pending and undisposed of in that court. It is to be observed that in both suits we have the same plaintiff, to wit, Abram Dardenne, Jr. In the first suit he acts through his own initiative, and in the second suit he acts through a guardian. In the second suit the defendants demurred to plaintiff's petition on these two grounds, to wit:

"First. That the petition does not state facts sufficient to constitute a cause of action against the defendants or either of them and in favor of said plaintiff.

"Second. That it affirmatively appears from said petition that there is another special proceeding pending in this court for the purpose of vacating the judgment which is sought to be vacated in this action."

Do the allegations contained in the petition in the case at bar constitute facts authorizing the plaintiff to maintain this independent suit in equity for the relief sought, rather than to proceed under the provisions of section 810, Compiled Oklahoma Statutes, 1921, to have the district court in the case where said original judgment was rendered vacate and set the same aside? In 5 Pomeroy's Equity Jurisprudence (2nd Ed.), treating of equitable remedies, in paragraph 2029, page 4706, the author says:

"In many states the reformed procedure has greatly encroached upon the jurisdiction of equity, and a remedy by motion for judgments obtained by fraud or without jurisdiction has been provided. 'As a result of these innovations upon the ancient procedure, it has seldom been found necessary in the Code states for a suitor to enjoin the enforcement of a judgment at law by means of an independent action for equitable relief. At no time would a court of equity interfere if a complete remedy could be obtained at law, and this well-established rule has been frequently applied to cases where the relief sought in equity by an independent action was available to the suitor by motion made under the statute.' It is an elementary principle of equity that chancery courts do not lose jurisdiction already acquired merely because courts of law obtain like powers. It would seem that such a principle should apply in cases of this sort, but the courts have seemingly made an exception. The equity courts are not generally completely ousted of their jurisdiction by the legal remedy. Often the remedy by motion proves inadequate, owing either to lapse of time or some other circumstance which renders it impossible to take advantage of it. In such cases equity will relieve. When the remedy by motion or otherwise is provided, a party must either take advantage of it or show some good reason why he has not. If the remedy at law is still open, it must be pursued. It would seem that a remedy by motion is never so adequate a remedy as a bill in chancery. It is informal and generally rests upon affidavits. This certainly, as a matter of fact, is not so satisfactory as an equity suit, where the matter can be thoroughly investigated. Where a motion for a new trial has been made at law and has been denied, equity will not, on the same facts, interfere."

In the case of Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, Mr. Justice Ramsey, speaking for the court, said, in relation to the statutes under consideration and the point here involved, as follows, to wit:

"This statutory remedy during the three years following the rendition of the judgment is exclusive of relief in equity, unless there be special reasons in the particular case why the statutory remedy is inadequate. Frost v. Akin, 60 Okla. 174, 159 Pac. 752; 15 Standard Proc., p. 277; Crist v. Cosby, 11 Okla. 635, 69 Pac. 885; State v. District Court, 38 Mont. 166, 99 Pac. 291; Harris v. Smiley, 36 Okla. 89, 128 Pac. 276; Gale Mfg. Co. v. Sleeper (Kan.) 79 Pac. 648."

Nowhere in the petition in the case at bar does the plaintiff undertake to assign any reasons whatsoever for not pursuing the remedies provided by statute, and we are unable to find any reason for holding, under the facts in this case, that the statutory remedy could fail to afford as complete, speedy, and adequate relief as the plaintiff could possibly obtain by this suit in equity.

It is true that after the judgment in the first suit had been obtained and, after Abram Dardenne, Jr., had filed his petition to vacate said judgment, the said Abram Dardenne, Jr., was adjudged an incompetent person and Royal L. Mann appointed his guardian. Thereafter Abram Dardenne, Jr., the ward, brings this suit in his own name as plaintiff, although he acted through his guardian. The plaintiff, therefore, is the same in both suits.

The statute requires a suit to be brought in the name of the real party in interest. The courts of different states are at variance in their conclusions as to whether a suit like the one at bar must be brought in the name of the ward as plaintiff acting through his guardian or brought in the

name of the guardian as plaintiff, alleging his official capacity. See 12 R. C. L. 1135; note to 11 Amer. & Eng. Ann. Cas. 1092. We need not pass on that question here, for in the consideration of the case' at bar we will follow the theory of the plaintiff in the case, that such suit must be brought in the name of the ward as plaintiff, acting through his guardian. If such be not the law, then the plaintiff cannot maintain the case at bar because the ward here sues in his own name. Abram Dardenne, Jr., acting through his guardian, had the right, and it was the guardian's duty, to prosecute said first case to a determination of the merits of the controversy and obtain the same relief therein as the ward could have obtained therein if he had not been adjudged incompetent and a guardian appointed over his person and estate. When said Abram Dardenne, Jr., was adjudged to be an incompetent person and a guardian appointed for his person and estate, he acquired no right to proceed through his guardian to vacate judgment in a forum where he would have no right to be heard to set aside said judgment if he had not been adjudged incompetent and a guardian appointed. He lost no existing rights and acquired no new ones in so far as are concerned any rights affecting the interest of the parties in the case at bar.

If said petition to vacate the first judgment had not been filed before Abram Dardenne, Jr., was adjudged an incompetent and the guardian appointed, the guardian would have had the right, and in fact would have been required, to proceed under the statutory remedy rather than by independent suit in equity. This is particularly true in this case, because section 817, Compiled Oklahoma Statutes, 1921, permits the filing of such a petition to vacate, such as was filed in this case, at any time within two years from the time the judgment was rendered, and that time had not expired when the guardian was appointed nor even when this suit was filed.

We therefore hold that the lower court properly sustained the demurrer upon the first ground of the demurrer stated above, to wit, that the facts stated in the petition upon their face fail to show a cause of action entitling the plaintiff to proceed in this independent suit in equity rather than to avail himself of the statutory remedy for vacating the judgment of which he complains.

The second ground for demurrer is that other legal proceedings are pending between the same parties for the same relief.

"The defendant may demur to the petition only when it appears on its face either * * * Third, that there is another action pending between the same parties for the same cause." Section 268, subdivision 3, Compiled Oklahoma Statutes, 1921.

"Remedies in the courts of justice are divided into: First, Actions; Second, Special proceedings." Section 171, Compiled Oklahoma Statutes, 1921.

Sections 172, 173, and 231, Compiled Oklahoma Statutes, 1921, read as follows:

"An action is an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." Section 172.

"Every other remedy is a special proceeding." Section 173.

"A civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon." Section 231.

In our opinion, the proceedings instituted by the plaintiff in the first case to vacate the first judgment constituted, not a mere special proceeding, but a civil action, at least in so far as was intended by section 268, third subdivision, Compiled Oklahoma Statutes, 1921, providing grounds for demurrer. In the case of Fullenwider v. Ewing, 30 Kan. 15, 1 Pac. 300, the Supreme Court of Kansas made an interpretation of this statute, and again followed such holding in the case of List v. Jockheck, 27 Pac. 184, and said:

"In one sense, this proceedng may be considered as a mere incident to the original action, or as a proceeding belonging to and growing out of the original action, but, in another sense, it must be considered as an action itself. * * * Such a proceeding, upon such petition, partakes, to a very great extent, of the nature of a suit in equity to vacate or set aside a judgment for fraud or otherwise; and, if the proceeding itself does not arise to the grade and dignity of an action, it partakes to a very great extent, of the nature of an action. * * * Does not the present proceeding come within this definition? Fullenwider had a right in the original action to have the same tried fairly, and without deceit or fraud or perjury. That right, he alleges, was violated, and by means of this proceeding he seeks redress. Does not this answer the description of an action?"

The Supreme Court of Kansas did not answer this question squarely, but, in our opinion, the question must be answered in the affirmative. The petition filed to vacate the judgment under this section of the statute required the filing of a praecipe for summons and the issuance and service of sum-

mons, and the whole proceeding thereon, in our opinion, arises to the dignity and importance of a civil action, included in the section of the statute providing grounds for demurrer. The regard had by the lawmakers in providing as a ground for demurrer the pendency of another action between the same parties where relief is sought is a wholesome one. Parties should not be permitted to create a useless and unnecessary multiplicity of actions, thereby wronging and harassing their opponents and further congesting the already crowded dockets of our courts and creating much unnecessary expense to the state.

In the petition filed by the plaintiff in the first suit and on which the plaintiff says a judgment was fraudulently rendered against him, he sought all the relief which he sought by his petition in the second case, except that in the second suit he asked to set aside the said fraudulent judgment, while of course in the initial pleading in the first suit he did not ask that relief because such judgment had not been rendered when same was filed. However, this same relief against said judgment was sought in the then pending petition to vacate filed in the suit and before the second suit was filed. When the plaintiff should succeed on that petition, he would then be able to further proceed in the first case for all relief sought in the second suit. We know of no reason why the plaintiff in this case saw fit to abandon the proceedings to the same effect instituted by the ward before the guardian was appointed, and without dismissing the same, instituted this second action for the same relief, and no reason is assigned in the petition in the case.

A demurrer to the petition on the statutory ground that there was "another action pending between the parties for the same cause" should have been sustained, if filed. No such ground of demurrer was presented. The demurrer filed recited the pendency of a "special proceeding * * * for the purpose of vacating the judgment." This is not a ground for demurrer. With a valid ground for demurrer existing, the defendants failed to assert it. This is a ground for demurrer which is waived unless set up in the demurrer. When a demurrer is presented to a court for its consideration, it must first determine whether the allegations in the demurrer are sufficient to constitute a ground for demurrer. If the asserted grounds for demurrer do not in law constitute grounds for demurrer the court must overrule same. The court will not look to the petition to discover some ground of demurrer not set out in the demurrer itself. If the demurrer alleges that there was a defect of parties

plaintiff, the court would not sustain the demurrer because an examination of the petition itself disclosed that, although there was no defect of parties plaintiff, there was a defect of parties defendant. If a ground of demurrer was that the defendant had no legal capacity to be sued, the court would not sustain the demurrer on the ground that the petition disclosed that the plaintiff had no legal capacity to bring the action.

The first ground of demurrer is well taken, and the demurrer should have been sustained upon that ground. The judgment of the lower court sustaining the demurrer will not be disturbed here, no matter upon which of said grounds the action of the lower court was based.

"On appeal by a plaintiff from an order which sustained a demurrer to the petition on one of several grounds, the Supreme Court will consider all the grounds assigned, and the order will be sustained if any of such grounds are well taken." Leahy v. Indian Territory Illuminating Oil Co., 39 Okla. 312, 135 Pac. 416; State ex rel. Schilling v. Oklahoma City, 67 Okla. 18, 168 Pac. 227.

We therefore hold that the demurrer should have been sustained, and the judgment of the lower court is therefore affirmed.

JOHNSON, C. J., and COCHRAN, MASON, and WARREN, JJ., concur.