## PURCELL WHOLESALE GROCERY v. CANTRELL.

No. 17485—Opinion Filed April 26, 1927.

(Syllabus.)

**1. Judgment—Vacation at Subsequent Term —Compliance with Statutory Procedure.**

While great discretion is allowed the trial court in the control of its judgments and orders, and in the exercise of its power to vacate or modify the same at the term at which the same was rendered or made, yet the court is without jurisdiction, at a subsequent term, to take any steps toward vacating or modifying a judgment or order of the court unless there is a substantial compliance with the terms of the statute.

**2. Same—Service of Summons not Waived by Agreement to Postpone Hearing.**

The mere fact that plaintiff's attorney agrees with counsel for defendant that a petition to vacate a judgment rendered during the previous term of court may be continued to the next day after it had been set for hearing is not such an appearance as to constitute a waiver of the service of summons where such service is otherwise necessary.

Error from District Court, Carter County; W. F. Freeman, Judge.

Proceeding by D. E. Cantrell to vacate judgment rendered against him and in favor of the Purcell Wholesale Grocery. From an order vacating said judgment, the latter appeals. Reversed and remanded.

A. Eddleman, for plaintiff in error.

Moore & West and Ernest B. Lykins, for defendant in error.

MASON, V. C. J. On June 23, 1923, and during the May term of the district court of Carter county, the plaintiff in error, Purcell Wholesale Grocery, obtained a judgment against the defendant in error, in an action on an account, for $300.46 and interest. After said term of court had expired, the defendant. on September 20, 1923, filed a petition to vacate said judgment and attached thereto his answer which he desired to file, wherein he denied liability under the plaintiff's petition. The plaintiff was not served with summons and, in fact, none was issued. The district court proceeded to hear the defendant's petition to vacate on January 28, 1926, whereupon the plaintiff filed its plea to the jurisdiction of the court, alleging that the court had no jurisdiction or power to hear, consider, or grant said petition or to set aside or vacate the judgment theretofore rendered in said cause. Thereupon. counsel for defendant dictated the following response into the record:

"Now comes the defendant, D. E. Cantrell, in response to motion of plaintiff filed herein. and states that the plaintiff has appeared on various occasions in this court and agreed to take up and hear the motion filed herein by the defendant, and has on various occasions agreed to the continuance of the same, and filed no objection to same, and has hereby waived any jurisdiction to the facts which he might have pleaded."

The court, over the objection of the plaintiff, proceeded to take testimony in support of defendant's response. Other than this, there is nothing in the record which even tends to support said response. The plaintiff's plea to the jurisdiction was overruled, and the defendant's petition to vacate was sustained, and the judgment of June 23, 1923, was vacated. To reverse the order vacating said judgment, the plaintiff company has appealed to this court.

For reversal. it is first contended that the district court of Carter county was without jurisdiction to set aside the judgment, for the reason it had no jurisdiction over the plaintiff company. Section 810, C. O. S. 1921, prescribes when the district court may vacate or modify its own judgment or orders at or after the term when said judgment was rendered. Section 812, C. O. S. 1921, provides that the proceedings to vacate or modify a judgment on the grounds mentioned in subdivisions 4, 5, 6 7, 8, or 9 of section 810, supra, shall be by petition verified by affidavit setting forth the judgment or order sought to be vacated and the grounds to vacate or modify the same. And further provides:

"On such petition, a summons shall issue and be served as in the commencement of an action."

The grounds alleged in the petition to vacate said judgment are such that come within the provisions of subdivision 4 of section 810, supra.

This court, in a long line of decisions, has announced the following principle of law, to wit:

"While great discretion is allowed the trial court in the control of its judgments and orders. and in the exercise of its power to vacate or modify the same, at the term at which the same was rendered or made, yet the court is without jurisdiction, at a subsequent term. to take any steps toward vacating or modifying a judgment or order of the court. unless there is a substantial compliance with the terms of the statute." Pennsylvania Co. v. Potter et al., 108 Okla. 49, 233 Pac. 700, and cases cited therein.

In order for the trial court to acquire jurisdiction to vacate said judgment, it was necessary that service of summons be had upon the plaintiff company. This was not done, and it necessarily follows that the court never acquired jurisdiction to hear the petition to vacate, and the order of the court vacating said judgment is void.

Counsel for defendant in error. in support of his response to plaintiff's plea to the jurisdiction of the court, testified that counsel for plaintiff had assured him that no objection would be made to vacating the original judgment. He also testified that his petition to vacate said judgment had been set for hearing on a day certain; that counsel for plaintiff was present in court on said date and that the matter was continued to the following day, by agreement with counsel for plaintiff. Counsel for defendant in error now contend that these circumstances were sufficient to constitute the entering of a general appearance of the plaintiff in error, and that said company thereby waived the issuance of summons and submitted itself to the jurisdiction of the court.

The law provides the manner by which the plaintiff may have the defendant brought into court, and, without his consent, subjected to the jurisdiction and power of the court to bind him by its orders and judgment. These provisions, however, are for the benefit of the defendant. and he may waive them or insist on them as suits his convenience, and if a defendant, by his own acts,

causes or procures any proceedings to be had in a pending cause, he will not be heard to object to its regularity to the detriment of the adverse party. The circumstances herein are not sufficient, however, to constitute such a waiver or general appearance. Statements made by an attorney outside the courtroom certainly could confer no jurisdiction, and the mere fact that an attorney who is present in court on motion day consents or agrees that a motion be passed to the next day would not be sufficient.

The defendant in error also contends that the original judgment was void, because it was rendered at a time when the defendant had a demurrer on file in said cause, and that a void judgment may be set aside at any time upon motion, as provided by section 817, C. O. S. 1921. This contention, however, is contrary to the allegation in his petition to vacate, wherein it is alleged that the defendant filed a demurrer to said petition, but that it was overruled on the ―― day of May, 1923, in the absence of the attorney for the defendant. In addition to this, the judgment sought to be vacated recites that the defendant, D. E. Cantrell, had appeared and filed a demurrer in said case and that said demurrer had been overruled by the court on May 12, 1923, and that the defendant had been allowed 20 days from said date in which to answer, but that he failed to answer or plead further, and that judgment by default was rendered for the plaintiff on June 23, 1923. The judgment, upon its face, discloses that the court had jurisdiction of the subject-matter and the parties. The contention that said judgment is void is without merit and, therefore, it was not subject to be vacated under section 817, supra, which provides a void judgment may be vacated at any time upon motion of the party or persons affected thereby.

For the reason herein stated, the judgment of the trial court is reversed and remanded, with directions to reinstate the former judgment.

BRANSON, C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 34 C. J. p. 207, §436; p. 221, §445. (2) 4 C. J. p. 1345, §35.