## PURCELL WHOLESALE GROCERY CO. v. CANTRELL.

No. 20252.   Opinion Filed Oct. 27, 1931.

Rehearing Denied Feb. 9, 1932.

M. W. Eddleman, for plaintiff in error.

Ernest Lykins and J. B. Moore, for defendant in error.

KORNEGAY, J.   This matter comes here by case-made. Both parties find fault with the document as being a case-made, the plaintiff in error insisting that a transcript was all it could get, and its evidence is not legally here, and therefore it should be entitled to a new trial. The defendant in error is complaining of certain things not being brought forward in the transcript, and making a point on its not being a case-made. However, an inspection of the document shows that both sides agreed to it, and there were no objections whatever, and that waiver of time and place of settling was had. The judge who tried the case was out of the state, owing to ill health, and was unable to certify the case-made. However, it was authenticated by the signature of a district judge of that district, the Honorable Asa E. Walden, accompanied by a certificate showing the incapacity of the trial judge to act, and his absence from the state, and was duly witnessed by the clerk. Under the liberal rules as to cases made, as prescribed by statute, the case-made is sufficient.

The record shows that a default judgment was gotten by the plaintiff for $337.15 on an account in the district court of Carter county, and that Judge W. F. Freeman, who rendered the default judgment, later set it aside on the petition of the defendant, Cantrell. Judgment was rendered June 23, 1923. Petition to vacate was filed September 20, 1923. The testimony as to the matters and things leading to the setting aside, in the first instance, of that judgment, as introduced on the last hearing, shows that there were two officers of that court, that are now deceased, who were the attorneys in the matter, Mr. A. Eddleman represented the Purcell Wholesale Grocery Company, and Mr. West, of the firm of Moore & West, represented Mr. Cantrell. The testimony of these gentlemen, as developed in the case-made, begins at page 97, both of whom evidently had occupied judicial positions, and

is that they both thought that this judgment ought to be set aside, and the testimony is positive that from time to time they discussed the matter and agreed that it should be set aside by consent. However, the Purcell Wholesale Grocery Company so pressed the matter that Mr. Eddleman withdrew his agreement to set aside the judgment and filed a plea to the jurisdiction on behalf of the grocery company, resisting the same on account of want of jurisdiction of the subject-matter, but making no point as to lack of jurisdiction of the person. The appearance was not a special appearance, and he filed a written plea. The wording of that written plea, omitting caption, was as follows (C.-M. p. 96):

"Now comes plaintiff in the above-numbered and styled cause and respectfully shows to the court that the court has no jurisdiction to hear, consider, or grant the petition of defendant, D. E. Cantrell, to set aside and vacate the judgment rendered in this cause, and of this plaintiff prays judgment.

"A. Eddleman,
"Attorney for Plaintiff."

The judge who had rendered the judgment overruling the demurrer and for default of answer, after an investigation, set aside this default judgment, after the appearance of both parties, on the petition to set aside. It came to this court. (Purcell Wholesale Grocery v. Cantrell, 124 Okla. 273, 255 P. 704.) Evidently this court overlooked the fact that a general appearance had been had on the petition to vacate, and decided that the outside agreement and actions were not an appearance, and announced that if the summons was not issued, under a section of the statute about vacation, the action of the court below in setting aside the judgment was a nullity, and reversed the case, not noticing that the use of a summons in the case was dispensed with by reason of the voluntary appearance by the plaintiff below, acting through the attorney that was handling the collection, appearing and filing the plea. The case went back, and another judge, Judge Ogden, presided. It was tried, and evidence introduced, some new and some from the former hearing, especially the testimony of the two attorneys in the case who had died. This court in its opinion cited the case of Pennsylvania Co. v. Potter, 108 Okla. 49, 233 P. 700, as follows:

"The Pennsylvania Company made no response to the petition to vacate, and filed no written pleadings, but Mr. Womack, the attorney, appeared personally in open court and stated he appeared specially for the purpose of suggesting to the court that it had no jurisdiction to hear and determine the facts, and no jurisdiction of the person of the defendant Pennsylvania Company, for the reason no summons had been issued and served upon the defendant company as required by law. The company made no other appearance. The special plea of the defendant was overruled, and the petition or application came on for hearing, and the court sustained the petition and vacated the former judgment and granted Potter 20 days to file an amended petition. To reverse the order vacating the judgment, the defendant company has appealed to this court."

Further on in that opinion, the court says:

"In order for the trial court to acquire jurisdiction of the defendant before vacating the judgment, it was necessary that service of summons be had upon the defendant company. This was not done, nor did the defendant company waive the service of summons or enter a general appearance. It necessarily follows that the court never acquired jurisdiction of the defendant to hear the petition to vacate, and the order of the court vacating said judgment is void."

The lower court, speaking through a different judge on the second trial, set aside the default judgment, and it is here again for our consideration.

The amount is small and it is costing the state far more in time of its service to try to adjust the rights of the parties than it would to have paid off the claim. We are again asked to review it, and the authorities cited have been examined and also the entire record. The whole range of technical procedure seems to have been displayed in the briefs. The doctrine of "res adjudicata," and the "law of the case," and of "attorney's duty," "unavoidable casualty," and various other terms that are used in procedure have been very extensively employed.

Point is made in the brief of the defendant in error that this matter is not before us for review, because no motion for a new trial was filed to set aside the finding that the court made on the hearing of the petition in this case which resulted in setting aside the original judgment after a hearing. When the cause was remanded for the first time, summons was actually issued and the second trial was had on the question of setting aside the original judgment.

The case of Brady v. Sampson, 104 Okla. 72, 230 P. 248, is cited as authority for the proposition that in a case like this, in order to bring the error of the court in setting aside the judgment to our attention, there

must have been a motion for a new trial filed in time and acted on and brought here accordingly. The syllabus in that case is as follows:

"1. Where a proceeding is brought to vacate a former judgment of the district court, and a trial had in which record evidence together with oral testimony of witnesses is submitted upon the trial, resulting in a judgment, a motion for a new trial is necessary in prosecuting appeal, and where no motion for a new trial is presented to the trial court for review of the proceedings, a petition in error with case-made attached, filed here, presents nothing for review by the appellate court involving a consideration of the evidence."

"2. Record examined, and held, that this court has no jurisdiction to review the cause for the reason that no motion for a new trial was filed and considered in the trial court, and that the appeal should be dismissed."

The body of the opinion supports the syllabus. In that opinion, the case of Harper v. Rutland Sav. Bank, 79 Okla. 274, 192 P. 1101, was cited. That case holds that where petition is filed, and summons issues, and evidence is introduced on an application to set aside a default judgment, as was done in this case, a motion for new trial is essential, and appeal is from overruling of that motion. There are several cases cited that on a ruling as to a demurrer to the evidence a motion for a new trial is required. Unless we are prepared to abandon this rule, the action of the lower court in rendering the judgment on the evidence it had is not here reviewable, and the

proceeding in error is not sufficient to enable us to reverse the lower court.

The action of the lower court is affirmed.

LESTER, C. J., CLARK, V. C. J., and CULLISON and ANDREWS, JJ., concur. SWINDALL and McNEILL, JJ., concur in conclusion. RILEY, J., dissents. HEFNER, J., disqualified.

---

RILEY, J. (dissenting). I dissent for the reason that the issues submitted are not decided. One of those issues is the statute of limitations.

The majority opinion holds that a motion for new trial is a necessary prerequisite to jurisdiction of this court. Nevertheless, the majority opinion reviews the action of the trial court and affirms the decision. How can this court review or affirm when it has preadjudged its lack of jurisdiction.

Certain of the assignments of error are reviewable on transcript. A review of the record discloses that the statute of limitations has long since run against this action in that it was not actually commenced until the elapse of more than four years. The decision on the former appeal, 124 Okla. 273, 255 P. 704, announced the law of the case that there was no voluntary appearance and that the action had not been commenced. When upon a remand of the cause a summons was for the first time issued, the statute of limitations had run. Notwithstanding that the case-made is held sufficient by the majority, the issues presented are not decided.