## BISER v. BISER.

No. 26213.    March 3, 1936.

Williams & Foster, for plaintiff in error.

E. B. Arnold, for defendant in error.

PER CURIAM. This case presents error from the district court of Le Flore county, Okla. The parties will be referred to as they appeared below, that is, the plaintiff in error will be referred to as plaintiff and the defendant in error will be referred to as defendant.

In view of the disposition we will make of this case, it will be unnecessary to make a complete statement of the facts.

It appears that on June 17, 1930, the plaintiff obtained herein a decree of divorce from the defendant. The decree, among other things, provided for a division of the property owned by the parties. At the time the aforesaid suit was commenced, and also at the time of the rendition of the aforesaid decree, and until shortly prior to February, 1932, the defendant was a patient in the State Hospital at Vinita. No guardian ad litem was appointed for the defendant, and no answer was filed on her behalf. Thereafter, on February 9, 1932, and shortly after she had been discharged from the State Hospital, the defendant filed herein her petition, as she was authorized to do under subdivision 4 of section 556, O. S. 1931, seeking to vacate the aforesaid decree of June 17, 1930, on the ground of fraud. A summons was thereupon issued and served upon the plaintiff, as provided by section 558, O. S. 1931.

Without attacking the sufficiency of the aforesaid petition of the defendant, either by motion or demurrer, the plaintiff, on March 1, 1932, filed his answer thereto. This answer put in issue the material allegations of said petition. The plaintiff specifically denied that he had committed any fraud in procuring the original decree.

Thereafter, on September 17, 1934, and without objection on the part of the plaintiff, the case came on for trial, upon the issues made up by the defendant's petition to vacate the original decree and plaintiff's answer thereto. Evidence was introduced by both sides, and at the conclusion thereof the district court set aside, vacated and held for naught so much of the original decree of June 17, 1930, as affected and settled the property rights of the parties. The decree in so far as it severed the bonds of matrimony between the parties was not disturbed. No finding of fact or conclusions of law were requested by either party. Thereupon, and on the same day, the plaintiff in open court gave oral notice of his intention to appeal to this court. No motion for a new trial was filed.

Thereafter, and on March 7, 1935, approximately five months and 20 days after the date of the rendition of the aforesaid judgment of the court vacating its original decree, the plaintiff commenced this proceeding in error by filing herein his petition in error and case-made.

1. At the threshold of this case we are met with the question of the jurisdiction of this court to entertain the appeal. It is the duty of this court to determine its jurisdiction upon its own motion. In the case of Hill v. McCleery, 141 Okla. 205, 284 P. 646, in the first paragraph of the syllabus, we held:

"It is the bounden duty of the court to examine into its jurisdiction whether raised by parties or not and sua sponte to determine its jurisdiction."

See, also, Howard v. Arkansaw, 59 Okla. 206, 158 P. 437; and Jones & Spicer v. Advance-Rumley Thresher Co., Inc., 157 Okla. 67, 10 P. (2d) 724.

2. It, therefore, becomes our first duty to examine the petition in error and the case-made before us for the purpose of determining whether the proper procedure has been followed to clothe us with jurisdiction to dispose of this case upon its merits.

It will be recalled that no motion for a new trial was filed, and that the attempted appeal was taken from the judgment of the district court vacating its former decree settling the property rights of the parties. We have already shown that the trial court refused to vacate the original decree in so far as it affected the divorce. There has been no cross-appeal, and, therefore, the question of the divorce is not before us.

The only assignment of error presented and briefed by the plaintiff is his fourth assignment, which challenges the sufficiency of the evidence upon which the judgment of the court is predicated. Assignments of error not presented and briefed are waived. Griggs v. Reeser Motor Co., 159 Okla. 279, 16 P. (2d) 252.

In order, therefore, to pass on the foregoing assignment of error, the court is requested to review the evidence which either sustains or fails to sustain the judgment of the court from which this attempted appeal is taken. The question thereupon arises, Can this be done in the absence of the filing of a motion for a new trial?

We had occasion to squarely pass on the identical question in the case of Smith v. Smith, 102 Okla. 70, 226 P. 368. In that case we held:

"Where a petition is filed, under subdivision 4, section 5267, Rev. Laws 1910 (now subdivision 4, section 556, O. S. 1931), seeking to vacate a judgment on the grounds of fraud practiced by the successful party in obtaining the judgment, and an answer is filed, denying the allegations of the petition, and issues joined, and the same is tried to the court on the evidence adduced, this is in the nature of an independent action, and in order that this court may obtain jurisdiction to review the judgment of the trial court vacating the former judgment entered, a motion for new trial is necessary, and the same must be incorporated, together with the action of the court thereon, in the case-made attached to the petition in error, and where no motion for new trial is filed as in the instant case, the motion to dismiss the appeal should be sustained."

In the case of Brady et al. v. Sampson, 104 Okla. 72, 230 P. 248, we held:

"Where a proceeding is brought to vacate a former judgment of the district court, and a trial had in which record evidence together with oral testimony of witnesses is submitted upon the trial, resulting in a judgment, a motion for a new trial is necessary in prosecuting appeal, and where no motion for a new trial is presented to the trial court for review of the proceedings, a petition in error with case-made attached, filed here, presents nothing for review by the appellate court involving a consideration of the evidence.

"Record examined, and held, that this court has no jurisdiction to review the cause for the reason that no motion for a new trial was filed and considered in the trial court, and that the appeal should be dismissed."

In the case of Purcell Wholesale Grocery Co. v. Cantrell, 154 Okla. 302, 7 P. (2d) 672, we held:

"In absence of motion for new trial, order setting aside default judgment held not reviewable, where case-made disclosed evidence was heard."

The attempted appeal in this case was taken, if at all, pursuant to the provisions of sections 531 and 534, O. S. 1931, and other applicable statutes of the General Code of Civil Procedure, and not under section 674, O. S. 1931, which said latter section is a special statute exclusively dealing with appeals from decrees of divorce, as distinguished from decrees settling the property rights of the parties, or decrees vacating or refusing to vacate former decrees under proceedings commenced under subdivision 4, section 556, O. S. 1931.

The aforesaid section 674 does not provide procedure for appeals from decrees settling the property rights of the parties, as distinguished from decrees of divorce. We made this clear in the case of Allred v. Allred, 131 Okla. 55, 267 P. 842, in an exhaustive opinion by Justice Riley. In that case numerous earlier cases were reviewed and followed. The filing of a motion for a new trial is unnecessary in appeals taken from decrees granting or refusing to grant divorces.

If it still be contended that the appeal was taken under the aforesaid section 674, then this appeal must likewise be dismissed for two reasons: (1) No written notice of appeal was filed in the office of the court clerk, as required by that section. The failure to file such written notice is jurisdictional. Butler v. Butler, 124 Okla. 245, 255 P. 580; Wilson v. Wilson, 144 Okla. 234, 291 P. 94; and Allred v. Allred, supra. (2) Neither were the proceedings in error commenced within four months of the rendition of the judgment attacked, as provided by that statute. The failure to commence proceedings in error within four months from the date the decree is entered is fatal. Callahan v. Callahan, 47 Okla. 542, 149 P. 135, and numerous other cases. We have already pointed out that the proceedings in error were commenced five months and 20 days after the rendition of the judgment attacked. Therefore, if the proceedings in error in this case have been begun within the time prescribed by law, such proceedings were begun under the General Code of Civil Procedure, section 547, O. S. 1931, and not under the special divorce statute already referred to.

The sole assignment of error presented, argued, and briefed by the plaintiff is the sufficiency of the evidence to support the judgment of the trial court upon which its judgment was predicated. The plaintiff having failed to file a motion for a new trial, we are without jurisdiction to determine that question. The attempted appeal must, therefore, be dismissed. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys I. L. Lockewitz, Travis I. Milsten, and Jno. M. Goldesberry in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts

was prepared by Mr. Lockewitz, and approved by Mr. Milsten and Mr. Goldesberry, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted, as modified.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, PHELPS, and CORN, JJ., concur.