TURNER v. FIRST NAT. BANK & TRUST Co. OF OKLAHOMA CITY et al.

*97 P. 2d 894.*

No. 28531. Nov. 21, 1939.

Rehearing Denied Jan. 19, 1940.

Application for Leave to File Second Petition for Rehearing Denied Jan. 23, 1940.

Tomerlin, Chandler, Shelton & Fowler, John Howard Payne, John W. Swinford, and Edgar S. Vaught, Jr., all of Oklahoma City, for plaintiff in error.

Busby, Harrell & Trice, of Ada, and Twyford & Smith, of Oklahoma City, for defendants in error.

HURST, J. Mila Turner, as plaintiff, on April 28, 1937, filed her petition in the district court of Oklahoma county, seeking to vacate and set aside, for fraud and coercion, a decree of divorce rendered against her on May 12, 1936, in favor of her husband in a suit filed by him on April 15, 1936. Turner died May 25, 1936. Plaintiff made his children by a former wife, and the administrator of his estate, parties defendant. The petition was filed in the divorce case under authority of sections 556 and 558, O. S. 1931, 12 Okla. St. Ann. §§ 1031, 1033. Upon trial to the court, a demurrer to plaintiff's evidence was sustained, and she appeals.

1. Plaintiff, complains of the trial court's refusal to permit her to testify to communications or transactions between her and Turner which would have a bearing on the issues involved. She asserts that this is not an action, as defined by section 9, O. S. 1931, 12 Okla. St. Ann. § 4, but is a special proceeding, and therefore she was not incompetent to so testify, for the reason that section 271, O. S. 1931, 12 Okla. St. Ann. § 384, is applicable only to parties to civil actions, and for the further reason that the interests of the estate of the deceased were not directly, but only incidentally, affected, there being no claim asserted against it. While this court has held, in Grosshart v. McNeal (1923) 95 Okla. 102, 218 P. 329, and other subsequent decisions, that section 271 may not be extended to exclude witnesses not within its express prohibition, we think that the nature of the case, and the parties involved, was such that the trial court correctly applied the rule. In Dardenne v. Daniels (1924) 101 Okla. 201, 225 P. 152; Burton v. Swanson (1930) 142 Okla. 134, 285 P. 839, and Stout v. Derr (1935) 171 Okla. 132, 42 P. 2d 136, this court held a proceeding by petition to vacate a judgment on the ground of fraud to be a civil action within the meaning of section 201, O. S. 1931, 12 Okla. St. Ann. § 267, authorizing a demurrer to the petition on the ground that another action is pending. We likewise think it a civil action within the meaning of the term as used in section 271, supra, and that therefore the witness was incompetent to testify concerning communications or transactions with the deceased, as against the administrator and heirs of deceased. It was directed against the administrator and heirs for the purpose of forcing the inclusion of the witness as an heir of the estate, and materially affected the interests of all. It was initiated with the same formalities as, and arises to the dignity of, a civil action. Dardenne v. Daniels, supra. And while it does not seek to reduce a claim to judgment, and thus affect the estate, it does seek to reduce the interest of the heirs. Therefore the testimony was properly excluded.

2. We next consider whether the **judgment is sustained by the evidence.** From the plaintiff's' pleadings and evi-

dence it appears that she and defendant had been divorced twice previous to the decree of May 12, 1936, and that on obtaining each previous divorce (the last being May 20, 1935) she obtained a property division, the property received by her under the last decree being very substantial. Turner was a man of considerable means. Shortly after the divorce of May 20, 1935, they resumed cohabitation, affecting a common-law marriage, which was terminated by the decree of May 12, 1936. When he filed suit he took up his residence at a hotel.

The petition to vacate was based on threats of violence made by Turner if plaintiff refused to sign a waiver of summons and entry of appearance, which the evidence shows she did sign on May 12, 1936, after repeated consultations with attorneys of her own choice, both of whom had represented her in previous divorce proceedings, and after deliberating on the matter for nearly a month. There were no children born of the marriage. She refused to leave the city at the suggestion of one of her attorneys, but remained in her home, and finally advised the attorney who appeared for her at the trial and approved the decree that she had decided to sign the waiver, but thought Turner should pay for damages to her home which she attributed to him. This Turner did, making the check payable to her and the attorney, and it was cashed and the money received by her. This damage was done before he filed suit, and while he resided with her on the premises.

Plaintiff urges the sufficiency of the evidence to show that Turner's threats so terrorized her that she was incapable of exercising a free will, and thus perpertrated a fraud on the court. While it is true that several witnesses testified that she was in a state of extreme fright, the facts developed do not support the argument. Although his threats were made, apparently, to induce the signing of the waiver, she delayed doing so for nearly a month, consulting meanwhile with her attorneys, both of whom knew her husband and could appreciate the

danger in which she stood. Both attorneys testified they urged her to contest the suit, and one went so far as to file an answer and cross-petition for her, which he testified was filed without authority, and in which he recited the damages to her property, which she afterwards settled for $500. During this period her husband made no attempt to execute his threats. Plaintiff was concerned about the damage to her home chargeable to Turner, and conferred with both her attorneys about payment therefor. This expense was settled by a payment to her of $500. This was the only thing she demanded of Turner. She lived in her home, drove her car when she so desired, and during the entire period was not molested by Turner, except on one occasion when he took the officer to the home to serve her with summons, at which time he did not see her or talk to her. He communicated with her only by telephone. These facts were developed by her own witnesses, and outweigh the testimony of her friends and companion, who testified as to her fear.

The cases cited in support of plaintiff's contention, almost without exception, are cases where fraud was practiced in obtaining service, or where the plaintiff was denied independent legal advice, and was completely dominated by her husband. Typical is Burton v. Burton (1936) 176 Okla. 494, 56 P. 2d 385. There the petition alleged the taking of the wife to her husband's attorney, who acted as her attorney, and the denial of independent counsel, as well as complete personal dominance by the husband, and it was held that the demurrer to the petition was improperly sustained. In Holt v. Holt (1909) 23 Okla. 639, 102 P. 187, the wife was sick and feeble, had no independent counsel, and her husband misrepresented his financial condition, hired and paid an attorney to represent her who did not advise her as to her rights, and who, the court found, did in fact represent the husband, and by repeated conferences, in which he threatened to bring an ac-

tion on grounds which would disgrace her and their infant child, finally obtained her consent to bring the suit and accept the property settlement he offered her. In Butler v. Butler (1912) 34 Okla. 392, 125 P. 1127, the wife was confined in a hospital, so sick that she was mentally incompetent, had no independent advice, and there was also a question of the residence of the parties when the divorce was obtained.

The distinction between the facts in these cases and the case at bar is readily apparent. A state of facts more analogous to those involved here is found in Carp v. Carp (Cal. App. 1928) 271 P. 575, in which the court held that claims that plaintiff was terrorized were disproved by evidence of consultations with attorneys and others regarding property rights.

Judgment affirmed.

BAYLESS, C. J., and OSBORN, GIBSON, and DANNER, JJ., concur.