## PARKER v. BOARD OF COUNTY COM'RS OF OKMULGEE COUNTY.

No. 28881.   May 21, 1940.

*102 P. 2d 880.*

W. C. Alley, of Okmulgee, for plaintiff in error.

George R. Inglish, Co. Atty., and B. F. Moak, Asst. Co. Atty., both of Okmulgee, and W. E. Foster, Asst. Co. Atty., of Henryetta, for defendant in error.

HURST, J. Parker, a resident of Chicago, Ill., brought an action against the defendant board of county commissioners to recover the purchase price of certain tax certificates alleged to have been illegal, together with subsequent taxes indorsed thereon, and recovered a judgment. Thereafter, and after the term in which the judgment was rendered, defendant filed its petition to vacate the judgment for fraud in its procurement. Service of summons on plaintiff was obtained by publication. Plaintiff appeared specially and objected to the jurisdiction over his person, which was overruled, and then after his motion to strike portions of the petition and motion to separately state and number causes of action therein had been overruled, demurred to the petition to vacate on the grounds that the trial court was without jurisdiction of the person, or of the subject matter of the proceeding, and that the petition failed to state facts sufficient to entitle defendant to any relief. The trial court overruled the demurrer, and plaintiff answered by general denial. At the conclusion of defendant's evidence plaintiff demurred thereto. The trial court overruled the demurrer to the evidence, and plaintiff elected to stand on the demurrer. The trial court set the judgment aside, and plaintiff appeals.

1. Plaintiff's first contention is that the action was purely personal, and not in rem, and that the service of summons by publication was therefore not sufficient to confer on the trial court jurisdiction of his person. He asserts that the judgment against the county did not become a lien on any property, but was collectible only by taxation, and was therefore a debt, and that a debt being personal property, its situs was at the domicile of the owner, and that it was not property within the state of Oklahoma over which the trial court would have jurisdiction. He further asserts that the vacation of judgments is not one of the class of cases in which, under our statute, service by publication may be had. It follows, as a logical conclusion from this argument, if correct, that if any attack be made upon an Oklahoma judgment, not void upon the face of the record, and not affecting particular real estate, it must be made in the state of

domicile of the judgment creditor. In other words, it is contended that the county commissioners of Okmulgee county, if they desire to attack this judgment on the ground of fraud in its procurement, must do so in the courts of Illinois, unless he can be found and personally served in Oklahoma.

This question is one of first impression in this state. Plaintiff cites Beck v. Koester (1881) 79 Ind. 135, in which the Supreme Court of Indiana held that publication service was unauthorized, under the statutes then in force in that state, where a motion to modify or correct a judgment had been filed under a statute providing for relief against a judgment for mistake or inadvertence on motion filed within two years from the date of the rendition of the judgment. The decision in that case was based upon the ground that the statute providing for service by publication had reference only to original actions, or to actions in the nature of original actions, and that the motion to correct the judgment was not within the scope of its provisions. We do not consider it applicable in this case for the reason that section 558, O. S. 1931, 12 Okla. St. Ann. § 1033, expressly provides that upon a petition to vacate a judgment for fraud, summons shall issue and be served as in the commencement of an action. And this court has held that it is a civil action in many respects (Dardenne v. Daniels [1924] 101 Okla. 201, 225 P. 152; Turner v. First Nat. Bank & Trust Co. [1939] 186 Okla. 403, 97 P. 2d 894) and that summons must be served unless service thereof be waived. Purcell Wholesale Grocery v. Cantrell (1927) 124 Okla. 273, 255 P. 704. The rule seems to be that in a proper case service may be had by publication. It is so stated in 34 C. J. 352, citing Whitehead v. Post (1861) 2 Ohio Dec. (reprint) 468. That case upheld service by publication on a nonresident judgment creditor, in a proceeding to vacate a judgment, under a statute authorizing such service where the action sought to exclude him from any interest in property, holding that the judgment was property within the

state. While not identical, the statute under consideration in that case was similar to our section 183, O. S. 1931, 12 Okla. St. Ann. § 170, which provides for such service in cases where the nonresident has in this state property or debts owing him, sought to be appropriated in any way, or where he claims a lien or interest in real or personal property, and the relief demanded consists in excluding him from any lien or interest therein.

Plaintiff concedes that the judgment is a debt owing to him from Okmulgee county, which can be paid only from taxes assessed and levied against the citizens of that county. It is intangible personal property. Savage v. Stokes (Idaho, 1934) 28 P. 2d 900; Whitehead v. Post, supra. In Severnoe Securities Corp. v. London & Lancashire Ins. Co. (N. Y. 1931) 174 N. E. 299, Justice Cardozo, speaking of the situs of intangible property, stated that while the situs of such property is a legal fiction, there are times when justice or convenience requires that a legal situs be ascribed to it, and that the selection thereof is generally a common sense appraisal of the requirements of justice and convenience in particular conditions.

We think that for the purpose of this proceeding the judgment had a situs in Okmulgee county. Only in that county could defendant apply for relief under section 558, and only in that county could the judgment be collected. The proceeding was in the nature of an action in rem or quasi in rem as defined in Cushing v. Cummings (1919) 72 Okla. 176, 179 P. 762. See Cameron v. Penn Mut. Life Ins. Co. (N. J. 1932) 161 Atl. 55; 1 C. J. 1041; 1 R.C.L. 328; 1 Am. Jur. 436, 437. The present proceeding was an attempt to appropriate a debt owing to plaintiff, or to exclude him from an interest in such debt, and was therefore within the provisions of section 183. Such being the nature of the action, we consider the service by publication proper.

Plaintiff also argues that the affidavit to obtain service by publication is de-

fective in that it alleges that plaintiff has or claims a lien or interest in real or personal property in Okmulgee county, and that the relief demanded consists wholly in excluding him from such lien or interest. We think the vacation of the judgment would result in excluding plaintiff from any interest therein, and that such averment is proper. In addition, the affidavit describes the judgment, alleges the nonresidence of plaintiff, and that the action is brought to set aside the judgment because of its fraudulent procurement. These allegations are sufficient to show that the proceeding is within the provisions of section 183. We conclude that the trial court had jurisdiction of the person of plaintiff.

2. Plaintiff next urges the insufficiency of the petition to vacate the judgment. The petition to vacate is in substance similar to and almost identical with the petition referred to in Federal Tax Co. v. Board of County Commissioners of Okmulgee County, 187 Okla. 223, 102 P. 2d 148, decided March 5, 1940. In that case we held such a petition sufficient as against a general demurrer, and our opinion in that case disposes of this contention. Plaintiff does not argue that the evidence at the hearing on the petition was insufficient to support the allegations thereof, or that, if the petition states a cause of action, the overruling of his demurrer to the evidence was erroneous. We have, however, examined the evidence adduced, and find no error in the judgment of the trial court.

Many of the cases cited by plaintiff are cases involving collateral attack. They are therefore inapplicable, as the present action is a direct attack on the judgment authorized by section 558, O. S. 1931, 12 O.S.A. § 1033; Seekatz v. Brandenburg (1931) 150 Okla. 53, 300 P. 678.

We are committed to the rule that "a petition to vacate a judgment, under section 556, O. S. 1931, 12 O.S.A. § 1031, is addressed to the sound legal discretion of the trial court, and the judgment will not be disturbed on appeal unless it

clearly appears that the trial court has abused its discretion. Such discretion should always be exercised so as to promote the ends of justice, and a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has been refused." Donley v. Donley (1939) 184 Okla. 567, 89 P. 2d 312.

We conclude that no abuse of discretion in vacating the judgment is shown.

Several questions involving the validity of the judgment vacated are urged by defendant in its briefs. In view of the conclusion reached, we deem it unnecessary to pass upon them.

Affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY and CORN, JJ., concur.