## HOEL v. HOEL.

No. 30169. June 1, 1943.

*138 P. 2d 72.*

J. M. Springer, of Stillwater, for plaintiff in error.

A. V. Dinwiddie, of Guthrie, and Swank & Swank, of Stillwater, for defendant in error.

ARNOLD, J. On May 15, 1939, Ruby M. Hoel filed a petition for divorce against Henry W. Hoel alleging extreme mental worry and gross neglect of duty as grounds therefor. On May 18th thereafter the plaintiff appeared in person and by attorney and the defendant appeared by his counsel, and the court, after hearing the testimony of two witnesses in support of the petition of the plaintiff, found that the allegations in plaintiff's petition were true; that a property settlement had been made between the parties, and decreed a divorce to plaintiff and confirmed in all respects the property settlement made.

On November 17, 1939, the plaintiff filed a motion to set aside and vacate the decree of divorce. She alleged therein the decree was unjust and inequitable; that no provision was made for her maintenance and support, and that she was incapable of earning a living; that at the time said divorce was granted she was suffering from mental disability which rendered her incapable of realizing or understanding her position under said decree; that by reason of her mental disability the court was without power to decree a divorce for or against her in the absence of a guardian; that the defendant was aware of her mental derangement; that the divorce decree was also void because of cohabitation of the parties subsequent to the entry thereof. No hearing was ever had on this motion and it was apparently abandoned.

On July 30, 1940, Agnes Streeter, mother of plaintiff, filed a petition as guardian of Ruby M. Hoel, under authority of 12 O. S. 1941 § 1031, to vacate the divorce decree. Therein she alleged her appointment as guardian of the person and estate of Ruby M. Hoel; that the said Ruby M. Hoel was declared incompetent of knowing or understanding the ordinary affairs of life and was incapable of understanding or knowing her true legal and lawful rights respecting business matters; that the divorce decree should be vacated and set aside for the reasons: That a fraud was practiced upon the court; that the decree is unjust and inequitable in that no provision was made for the support and maintenance of the plaintiff, who was and is incapable and unable to support

542

and maintain herself; that said defendant knew she was in frail health, had no trade or profession, and was unskilled; that the plaintiff for many years prior to the entry of the decree had been afflicted with a mental infirmity and disease, known as dementia praecox, which rendered her incapable of knowing, understanding, or realizing the nature and extent of the decree, or understanding or realizing that, under the law, it was the duty of the defendant to support and care for her; that the defendant, knowing of her condition, permitted the entry of said decree which was a fraud upon the court and aided and abetted the perpetration of said fraud; that the defendant requested that no provision be made for the support and maintenance of or alimony to the plaintiff; that he has failed to provide for her support.

The defendant filed an answer generally denying all the allegations of said petition except that he admitted the appointment of a guardian and that the two children named were born of said marriage. On November 22, 1940, the defendant filed an amendment to the answer in which he denied that any fraud was practiced upon the court by him or his attorneys and alleged that the decree of divorce rendered is valid and binding. He further denied that the plaintiff did not know, understand, or realize her legal or lawful rights and how to assert them, or that the said decree of divorce was illegal for any reason. He then alleged that it was his desire to make provision for the plaintiff in the way of money judgment for alimony; that it was her desire that the home of the parties be conveyed to her in lieu of a money judgment for alimony; that in conformity with her request this defendant deeded the home to the plaintiff; that it now appears that it would be to the manifest interest of the plaintiff that she have a money judgment for alimony in a proper sum to be determined by the court, and that the home property, together with the furnishings therein, be decreed to this defendant; that the home is heavily encumbered with mortgages and taxes;

that it would be a detriment to the plaintiff and would probably be lost by her. He then prayed that the petition to vacate be denied and that the decree as to alimony be reconsidered by the court and be modified to the end that a proper money judgment for alimony be decreed to the plaintiff and that the court decree the home property of the parties to the defendant.

The sole contention made by the plaintiff is that the former judgment is void on account of her mental incompetence and the fraud of the defendant. She makes no specific contention that the division of property and money allowance to her did not constitute an equitable division. The defendant makes no contention that the division of property or allowance of alimony was improper in any respect.

Many witnesses, including medical experts, testified in support of the contentions made by the parties. On both issues, the mental status of the plaintiff and the knowledge thereof of the defendant, there is much testimony pro and con. The general state of the record is confusing and highly controversial. Based upon all the testimony, the court found that it would be to the best interest of the parties that the petition of the plaintiff to vacate the judgment theretofore entered divorcing the parties should be denied and the prayer of the plaintiff in this respect was denied. It then decreed the home and household furnishings to the plaintiff and ordered the defendant to pay her the aggregate sum of $5,000 at the rate of $50 per month.

We have reviewed the record and determined that the judgment of the lower court is not clearly contrary to the weight of the testimony and no abuse of discretion is shown. See Parker v. Board of County Commissioners of Okmulgee County, 187 Okla. 308, 102 P. 2d 880; Donley v. Donley, 184 Okla. 567, 89 P. 2d 312, and the cases therein cited.

In view of this holding it is unnecessary to determine the question present-

ed by defendant in his motion to dismiss this appeal.

The judgment is affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur.