Mary McDermott, Appellant, v. J. Hacker & Company, Joseph Hacker and James McDermott.

**Partnership Debt :** INDIVIDUAL DEBT OF PARTNER: *Evidence.* Where, in au action against a partnership on a note given for borrowed money, one of the issues is whether the money was used for the individual benefit of one of the partners to·pay his share to the capital of the firm, entries, contained in a ledger kept by the firm, of the money in question, and interest paid thereon, showing the manner in which the partners treated the matter, some of which entries were shown to plaintiff, and evidence of conversations between them, though in the absence of plaintiff, as to the money and the interest, are admissible.

**Appeal:** DISMISSAL FOR WANT OF TIMELY ABSTRACT: *Waiver.* Where· appellees, for more than two years, withheld their motion to dismiss appeal and affirm the judgment, on the ground that appellant's abstract was not filed within the time required by the Code, and rules of practice, and thereby induced appellant to incur expense, in the belief that the appeal would be heard on its merits, they will be held to have waived their right to interpose the motion.

*Appeal from Black Hawk District Court.*—Hon. A. S. Blair, Judge.

Wednesday, October 11, 1899.

This action is by Mary McDermott against J. Hacker & Co., and J. Hacker and James McDermott, the persons composing said firm. Plaintiff seeks to recover two thousand dollars, with interest, on a promissory note executed to plaintiff for money borrowed by James McDermott, signing thereto the firm name of "J. Hacker & Co." No defense is made by James McDermott. J. Hacker & Co. and J. Hacker answered, in substance, as follows: They deny that J. Hacker & Co. executed said note, and deny that they are indebted thereon. They aver that James McDermott was indebted to the plaintiff on his individual account for money loaned to him; that said money was borrowed and loaned on his individual credit, as plaintiff well knew and had good reason to know at the time; that, long after said money was so loaned, James McDermott, wrongfully and without authority of these defendants or either of them, signed the name J. Hacker &. Co. to said note; that the only consideration for said note was said individual debt of James McDermott; and that by reason of the facts these defendants are not liable thereon. Verdict and judgment were rendered in favor of the defendants J. Hacker & Co. and J. Hacker, and against the defendant James McDermott. Plaintiff appeals.— *Affirmed.*

*Mullan & Pickett* for appellant.

*Boies & Boies* and *Burns & Sullivan* for appellees.

Given, J.—I. November 19, 1898, appellees filed their motion to dismiss and affirm, on the ground that appellant's abstract was not filed within the time required by section 4120 of the Code and rule 28 of the rules of practice. This appeal was taken under the Code of 1873, having been perfected July 22, 1896, which was in time for the October term, 1896, and yet no abstract was filed until April 1,

1898, and no argument until October 3, 1898. Whether the present Code and rules, or the Code of 1873, be held to apply, appellant's abstract was not filed in time. It should have been filed for October term, 1896. October 3, 1898, appellant filed her argument, served October 1st; and it was not until November 10, 1898, that appellee interposed this motion. For more than two years appellees withheld this motion, and thereby induced appellant to incur expense in the preparation of her abstract and argument, in the belief that the appeal would be heard on its merits. Such laches should not be rewarded, but appellees should be held to have waived their right to interpose this motion when they did. The motion is overruled.

II. On the 6th day of July, 1892, Joseph Hacker and James McDermott entered into a written contract of co-partnership for the purpose of carrying on the hide, tallow, wool, and fur business at Waterloo, each to contribute five hundred dollars to the capital, and share equally in profits and losses. James McDermott, as administrator of the estate of a deceased brother, received from a railroad company the sum of four thousand dollars damages for causing the death of said deceased. This amount, less the expenses of recovering it, the plaintiff, as surviving parent of deceased, was entitled to, which sum was at least two thousand dollars. Prior to December 24, 1892, Mr. McDermott had not contributed any money to the capital of the firm, and Hacker had put in about two thousand dollars. On that day Mr. McDermott took the bank book of the firm to the bank where the firm had its accounts, deposited two thousand dollars of the money received from the railroad company to the credit of the firm, and had it so entered in the firm's bank book. This money was used in the business of the firm, and it was for this money that James McDermott afterwards, on March 1, 1893, executed and delivered to his mother, the plaintiff, the note in suit. As to the foregoing facts there is no dispute, nor it it questioned that, as a member of the

firm, James McDermott might lawfully have borrowed this money for the use of the firm, upon its credit, and have executed its obligation therefor, and that plaintiff might lawfully have so loaned it. It is not questioned that, if the money were so borrowed and loaned, appellees are liable on the note. There is no question that James McDermott might lawfully have borrowed, and the plaintiff have loaned, this money to him, on his individual credit, and for his individual use, and that, if so borrowed and loaned appellees are not liable on the note. Appellant contends that the money was borrowed and loaned by and for the use of the firm, and upon its credit, and appellees contend that it was by and for the individual use of James McDermott, and upon his individual credit, for the purpose of enabling him to pay his share into the capital of the firm. There is no dispute that the money went to the use of the firm; the contention is whether it did so directly from the plaintiff as a loan to the firm, or through James McDermott, as the borrower and debtor to the firm. In other words, the issues are whether this money was used by James McDermott for his individual benefit,—that is, for the purpose of paying his share to the capital of the firm,—and, if so, whether at the time she made the loan, the plaintiff knew, or had reason to believe, that the money was borrowed by her son for that purpose.

III. With this statement of the issues in mind, we now proceed to consider the errors assigned and argued, based upon rulings admitting certain evidence. Appellees were permitted to introduce in evidence three entries contained in a ledger kept by the firm, one of which is a credit to James McDermott, "December 24, 1892, $2,000;" the others, a debit to James McDermott, May 7, 1894, of fifty dollars and a credit to Joseph Hacker on the same day of fifty dollars. The entry of December 24th relates to the two thousand dollars in question, and the two entries of fifty dollars to a payment of interest thereon to plaintiff

made as follows: Plaintiff called on her son for some money on the note, and he, being without sufficient funds, applied to Hacker; whereupon Hacker drew his personal check in favor of James McDermott, and charged him therewith on the books of the firm, and placed the same to his own credit thereon. McDermott paid his mother fifty dollars on the note by means of said check. Appellant's first objection to the introduction of these entries is that the preliminary proofs required by section 4643 of the Code were not made. We will not set out this evidence. It is sufficient to say that the requirements of that section were not met. There is, however, a sufficient reason why these entries were admissible, though not shown to have been made as required by said section. We have seen that one issue to be determined was whether this money was used for the individual benefit of James McDermott. That issue must be determined by the manner in which the partners treated it. The book containing these entries was a book kept by the firm, and open to the inspection of the members thereof, and, although not regularly kept, the members are presumed to know what was entered thereon. If James McDermott knew of these entries as they long stood upon the book, and made no objection thereto, that would tend to show how he understood the money was to be, and was in fact, applied. True, he says he did not examine the books, but they were open to his inspection, and it was for the jury to say, under all the evidence, whether he knew of and acquiesced in these entries. Evidence of conversations between these partners, in the absence of the appellant, as to this two thousand dollars, and as to the fifty dollars, was admitted over appellant's objection, and appellant insists that this was mere hearsay, and inadmissible as against her. A number of authorities are cited to the effect that declarations made in the absence of a party are not admissible against him, but they are not applicable to this case. We have an issue as to the use that was in fact primarily made of the two thousand dollars, an issue that

must be determined by the acts and declarations of the partners. If, by their acts and declarations, it appears that they treated it as a loan to the firm, and applied it directly to the use of the firm, then appellant is entitled to recover against the firm. If the loan was to the firm, and the firm misapplied it by placing it to the individual credit of James McDermott, that will not defeat appellant's right to recover against the firm; but if, at the time appellant consented that the two thousand dollars might be used, she knew, or had reason to believe, that it was to be used for the personal benefit of her son, then it was not a loan to the firm, but to him, and she is not entitled to recover against the firm. Some time after the fifty dollars was paid, appellant called upon defendant Hacker to pay her more money on the note. They disputed as to whether the firm was liable, and, appellant claiming that the firm had paid her the fifty dollars, Mr. Hacker showed her said two entries. Under the record, there was no error in admitting these entries nor the evidence as to said conversations.

IV. The court instructed to the effect that if, at the time plaintiff consented that James McDermott might take two thousand dollars of said money in his hands as administrator, and put it into the business of said firm, plaintiff knew, or had reason to know, that James McDermott was about to use such money for the purpose of contributing his share to the capital stock of said co-partnership, then neither the firm nor Joseph Hacker is liable. Appellant does not complain of this statement of the law, but insists that there was no evidence that appellant so knew or had reason to know. There is much in the testimony of the appellant herself tending to show that she had reason to and did not so know. The complaint is not well founded. We do not find that there was error in either of the respects complained of, and the judgment is therefore AFFIRMED.