E. D. HEWITT, Appellant, v. A. M. BLAISE et al., Appellees.

**APPEAL AND ERROR:**  Abstracts—Waiver of Belated Filing. Appellee, 1 in order to avail himself of the appellant's failure to file his abstract 30 days before the second term following the taking of the appeal, must act promptly and before the appellant has incurred expense in reliance on his filing.

**FRAUDULENT CONVEYANCES:**  Knowledge and Intent of Grantee— 2 **Non-participation in Fraud.**  A conveyance to a creditor in payment of a bona-fide debt is unassailable so long as the creditor moves *solely for his own protection.*

**FRAUDULENT CONVEYANCES:** Consideration—Absence of—Effect.
3 A conveyance made without consideration will not be set aside when the grantor has no equity in the property.

Headnote 1: 4 C. J. pp. 472, 473. Headnote 2: 27 C. J. pp. 535, 631. Headnote 3: 27 C. J. p. 419.

Headnote 2: 32 L. R. A. 33; 12 R. C. L. 535.

*Appeal from Keokuk District Court.*—H. F. WAGNER, Judge.

DECEMBER 16, 1926.

Creditor's bill to subject property of the debtor to execution. Judgment dismissing the petition, and the plaintiff appeals.—*Affirmed.*

*Thomas J. Bray,* for appellant.

*F. M. Beatty, Talley & Talley,* and *Willcockson & Willcockson,* for appellees.

STEVENS, J.—On or about February 23, 1920, appellant sold and conveyed 80 acres of land to the appellee Dena Keck, receiving in payment therefor $3,000 and a mortgage upon the land for $4,200, subject to a prior incumbrance of $6,000. The mortgage executed by Dena Keck was foreclosed by appellant, and judgment entered upon the note which it was given to secure, on April 15, 1924, for $4,497.04, and upon another item for $433.22. Special execution was issued on the judgment for $4,497.04, and the land sold thereunder for $1,000, leaving a deficiency judgment which has not been paid. At the time the indebtedness to appellant was contracted by Dena Keck, she was the owner of another tract of 200 acres of land, upon which she resided, in Keokuk County; and on January 28, 1924, she purchased Lot 6 in Block 20 in the city of Sigourney, making a payment on the purchase price of $491, leaving a balance unpaid of $1,964. On or about February 19, 1924, Dena Keck executed a note for $10,000 to her brother and codefendant, A. M. Blaise, and, to secure the payment thereof, gave him a mortgage upon the 200-acre tract. On February 25th she conveyed the 200-acre farm, for a consideration of $1.00 and love

and affection, to her sons and daughters, who are also appellees in this action. On March 1, 1924, Dena Keck conveyed the lot in Sigourney to her brother A. M. Blaise, who, the evidence shows, paid the balance of the purchase price thereof.

It is alleged in the petition that all of the foregoing conveyances were fraudulent, and for the purpose of hindering and delaying the creditors of Dena Keck, and that the mortgage was executed to A. M. Blaise, and also the deed to the Sigourney lot was taken, in pursuance of a conspiracy entered into between the parties to said conveyances for the purpose of defeating the collecting of appellant's judgment. The court found that the deed conveying the 200-acre farm to the children of Dena Keck was without consideration; that she was entitled to a homestead therein; and that, as the value of the remaining 160 acres was, under all of the evidence, substantially less than the aggregate amount of the incumbrances thereon, the conveyance would not be set aside. The mortgage for $10,000 and the transfer of the Sigourney lot were upheld, and a decree dismissing plaintiff's petition was filed.

Before considering the case upon the merits, it is necessary to dispose of a motion filed by appellees to affirm or dismiss the appeal upon the ground that the abstract was not filed 30 days 1. APPEAL AND before the second term to which the appeal was ERROR: abstracts: waiver taken. It may be conceded, for the purposes of belated filing. of this case, that appellant's abstract should have been filed 30 days before the September term of this court, which commenced September 22, 1925. An abstract was filed November 25, 1925, and appellant's brief and argument August 3, 1926. Appellees' motion to dismiss or affirm was not filed until March 20, 1926. Upon submission of this motion in this court, which was on April 9, 1926, it was ordered submitted with the case. Since that date, appellees have filed an additional abstract and a brief and argument. While this court has no power to waive the provisions of the statute requiring abstracts to be filed at least 30 days before the second term after an appeal has been taken, the appellee may, by agreement or by his conduct, waive the right to file a motion to dismiss or affirm, and estop himself from doing so. In this case, it appears that the motion to dismiss or affirm was not filed until March 20, 1926, many months after the abstract should have been filed, and

several months after one was in fact filed. We have held, and it is the rule recognized by this court, that, if the appellee desires to file a motion to dismiss or affirm, he must do so with reasonable promptness, and cannot defer until the appellant has incurred expense in the preparation and printing of an abstract, and thereafter complain because same was not filed within the time required. The time that elapsed after the filing of the abstract, before the motion to dismiss or affirm was filed, precludes appellees from having a dismissal or affirmance upon the ground of appellant's failure to file the abstract, and the motion should be overruled. *Greeson v. Greeson,* 185 Iowa 1096; *Armentrout v. Baldwin,* 163 Iowa 410; *Newbury v. Getchell & Martin Lbr. & Mfg. Co.,* 106 Iowa 140. We pass now to the consideration of the case upon its merits.

I. It is, of course, conceded by appellant that an existing creditor may, in good faith, take security for his debt although he knows that other creditors' claims will be defeated thereby.

2. FRAUDULENT CONVEYANCES: knowledge and intent of grantee: non-participation in fraud. *Grant v. Cherry,* 199 Iowa 164; *Halloran v. Halloran,* 195 Iowa 484; *Farmers & Merch. St. Sav. Bank v. Kriegel,* 196 Iowa 833. Under the foregoing cases, it is immaterial that the debtor was prompted to secure payment of the claim of such existing creditor by the intention and desire to hinder, delay, and defraud other creditors. If the facts disclosed by the record show the existence of a bona-fide indebtedness owed by Dena Keck to her brother in substantially the amount of the mortgage, then the execution thereof was not fraudulent as against other creditors, unless both parties, at the time of the execution thereof, intended to prevent appellant from collecting his judgment and to delay and hinder other creditors. The gist of appellant's contention is that no valid indebtedness existed, and that the $10,000 note and mortgage upon the 200 acres of land were the result of a conspiracy to defeat the collection of appellant's judgment. The evidence as to the amount of the indebtedness and as to certain items thereof is by no means conclusive. Neither Dena Keck nor A. M. Blaise was able to remember the details of many of the transactions out of which the several amounts included in the note arose. Much confusion and many contradictions occur in their testimony, and a large number of documents which they testified

previously existed were not presented at all. The excuse for the failure to bring into court notes, memoranda, and other papers which they claimed to have had at the time the note and mortgage were executed, was that, since they were deemed of no further value, they were all burned at the time the new note and mortgage were given. Mrs. Keck testified that she still had some of the papers, but, when given an opportunity to do so, she was unable to produce them for examination. Book accounts were introduced, but the books did not show all of the items that the parties claimed constituted the consideration for the $10,000 note and mortgage. There are confusion and conflict in the testimony relating to an item of $1,150, claimed to have consisted of Liberty bonds. There is, however, no direct impeachment of any of the several items, and we agree with the trial court that an indebtedness of at least $9,200 was proven. There is much in the testimony of the parties to arouse suspicion, and to some extent discredit their testimony, but they adhered in the main to the material facts, and denied any fraudulent intent or purpose in the execution of the mortgage. The mortgage was executed at Sigourney, while Dena Keck was visiting at the home of her brother. It is a matter of common experience that financial transactions between members of the same family are not conducted, and book accounts or other memoranda kept, with the strictness that prevails in transactions between strangers. The discrepancy of $800 is explained by the testimony relating to the transfer of the Sigourney property to Blaise. Blaise paid the balance of the agreed consideration for the purchase of the property, and agreed to return to his sister all that he was able to realize out of the sale thereof over and above the amount due him. The discrepancy is not sufficient in itself to make out appellant's charge of fraud. We cannot say, upon the record, that the note represented fictitious claims, or that it was executed in pursuance of a conspiracy or understanding on the part of the principals that the mortgage was executed for the fraudulent purpose of hindering and delaying creditors.

II. Dena Keck had the right to claim a homestead in the mortgaged property. As found by the trial court, the value of the remaining 160 acres, upon the highest estimate placed

3. **FRAUDULENT
CONVEYANCES:
consideration:
absence of:
effect.**

thereon by the testimony on either side, was substantially less than the aggregate of the incumbrances against it. Such being the case, appellant was in no wise injured by the conveyance to the children, and such conveyance will not be set aside although executed without consideration. *Willey v. Hite,* 175 Iowa 657.

Although the evidence casts suspicion upon the good faith of the transaction complained of, and is not as satisfying as we wish it were, it is not sufficient to justify a holding that it was fraudulent. The decree is affirmed.—*Affirmed.*

FAVILLE, VERMILION, and ALBERT, JJ., concur.

---

E. D. HEWITT, Appellant, v. A. M. BLAISE et al., Appellees.

**NEW TRIAL:** Grounds—Perjury. *Perjury as to any intrinsic matter in an action is not a ground for a new trial.* (See Book of Anno., Vol. 1, Sec. 11550, Anno. 126 *et seq.*)

Headnote 1: 34 C. J. p. 284; 29 Cyc. p. 868.

Headnote 1: 51 L. R. A. (N.S.) 286; 33 A. L. R. 553; 20 R. C. L. 299.

*Appeal from Keokuk District Court.*—H. F. WAGNER, Judge.

DECEMBER 16, 1926.

Action based upon Section 12787 of the Code of 1924, to vacate a judgment and decree entered at a preceding term of the district court of Keokuk County in the above entitled cause. Judgment dismissing plaintiff's petition, and judgment against him for costs, and he appeals.—*Affirmed.*

*Thomas J. Bray,* for appellant.

*F. M. Beatty, Talley & Talley,* and *Willcockson & Willcockson,* for appellees.