ODOM, Justice.
 

 Plaintiffs own property and pay taxes in the City of Shreveport. They ruled the City and the Dual Parking Meter Company of Oklahoma to show cause why the City should not be restrained from enforcing Ordinance No. 40 of 1939, and why a certain contract entered into by the City under said ordinance with the parking meter company for the purchase and installation of parking meters in certain areas of the City should not be decreed null and void. Plaintiffs attacked Ordinance No. 40 on the grounds, among others, that its adoption was ultra vires of the powers of the City, that it levied a tax under the guise of being a police measure, and that the adoption of the ordinance was prohibited by Act No. 10 of the First Extra Session of 1934.
 

 The Dual Parking Meter Company excepted. to .the jurisdiction of the court so far as.it was concerned, and the exception was sustained. The City excepted to plaintiffs’ suit on the ground that they had no interest or capacity to sue. This exception was overruled. The City then filed an exception of no cause or right of action. The trial judge overruled this exception and assigned written reasons for his ruling.
 

 The City filed an amended plea, in which it attacked the validity of Act No. 10 of the First Extra Session of 1934, and then filed answer to the rule to show cause, in which it denied the various allegations of plaintiffs’ petition relating to the grounds set up as to why the ordinance was ultra vires. Evidence was heard on the trial of the rule to show cause. There was judgment for plaintiffs, making the rule absolute and directing that a preliminary writ of injunction issue, enjoining and restraining the City and its agents from further installing parking meters on the streets of the City and from operating the meters already installed as provided in Ordinance No. 40, on plaintiffs’ giving bond in the sum of $500. The City of Shreveport appealed.
 

 In the case of City of Shreveport v. E. D. Brister, 194 La. 615, 194 So. 566, decided by us on Monday, November 27, 1939, we held that Ordinance No. 40 of 1939 of the City of Shreveport, referred to as the City Parking Meter Ordinance, was ultra vires of the powers of the City because the adoption of such an ordinance was prohibited by Act No. 10 of the First Extra Session of 1934. That was a criminal prosecution instituted by the City against the defendant for violating the provisions of the ordinance.' In that case the defendant filed a demurrer on the ground that the ordi
 
 *630
 
 nance was ultra vires because its adoption was prohibited by the said act of the Legislature. The city judge sustained the demurrer, and the
 
 City
 
 appealed. We affirmed his ruling.
 

 In the present suit the same ordinance is attacked by property owners and tax payers on various grounds, one of which is the same as that urged in the Brister case. It is unnecessary to go into detail as to the various provisions of the so-called parking meter ordinance of the City of Shreveport because the purpose and the provisions of the ordinance were fully set out by us in our opinion in the Brister case.
 

 If we adhere to our ruling in the Brister case, the judgment in this case must be affirmed. The present suit was decided by the district judge on October 11, 1939, which was more than a month before we decided the Brister case; The district judge held that Act No. 10 of the First Extra Session of 1934 was constitutional and that under its provisions municipalities were prohibited from adopting such ordinances as the one here involved. That is what we held in the Brister case.
 

 Counsel for the City now ask that we give further consideration to the question whether or not Act No. 10 of the First Extra Session of 1934 prohibits municipalities from adopting parking meter ordinances such as the one here involved. We have further considered the issue, and our final conclusion is that, if the City of Shreveport ever had the power to adopt such an ordinance, that power no longer exists because the Legislature by the adoption of the said act prohibited the passage of such an ordinance.
 

 Section 2 of the act reads as follows: “That no tax, license or excise, of any character whatsoever, shall be imposed, levied or collected by any municipality or parish of this State without express and special legislative authority describing the tax, license or excise to be imposed, levied and collected, and no tax, license or excise shall be imposed, levied or collected under any police, implied or inherent powers of any municipality or parish.”
 

 No more emphatic language could be used, and its scope attracts attention at once. No tax, no license, no excise “of any character whatsoever” shall be imposed, levied, or collected by any municipality “without express and special legislative authority”, and the legislative authority must describe the “tax, license or excise to be imposed”.
 

 It is conceded that the City of Shreveport has no “express and special legislative authority” to charge a traveller for the privilege of parking his motor vehicle on the public streets of the City. Yet that is precisely what the City proposes to do, and what it will do, if it is permitted to enforce this ordinance, because Section 7 of the ordinance says that, when any vehicle shall be parked in any space adjacent to which a parking meter is located, “the operator of said vehicle shall, upon entering the said parking space, immediately deposit or cause to be deposited a five cent coin of the United States in such parking meter,
 
 for the purchase of sixty minutes of time, or a one cent- coin for. the purchase of twelve
 
 
 *632
 

 minutes of
 
 time, and a failure to deposit such coins shall constitute a breach of the Ordinance and shall subject such person to the penalty prescribed in Section 18 hereof”. (Italics ours.)
 

 Clearly this is a charge imposed for the privilege of using space on the public streets for parking purposes. But counsel argue that this is not a tax or a license or an excise “of any character whatsoever”. We cannot so hold. The word “license”, according to Webster, means “Authority or liberty given to do or forbear any act; permission to do something (specified); esp., a formal permission from the proper authorities to perform certain acts or to carry on a certain business which without such permission would be illegal”; or, as stated in 5 Words and Phrases, First Series, p. 4133, under the heading “License”, the word means “permission or authority, and a license to do any particular thing is a permission or authority to do that thing, and, if granted by a person having power to grant it, transfers to the grantee the right to do whatever it purports to authorize”.
 

 The City proposes by this ordinance to place parking meters on the curb of certain streets in congested areas and to mark off space enough opposite each meter for the parking of a car. The traveller must park in these marked-off spaces or not park on the designated streets at all. The ordinance grants to a motorist the right or permission to use these spaces, but it exacts a fee for the exercise of that right. The fee exacted is a license fee.
 

 In Harper v. City of Wichita Falls, 105 S.W.2d 743, the court of Civil Appeals of Texas held that the parking fee charged under an ordinance similar to the one here-involved was not a tax in the ordinary sense, but was a “license fee”. In Ex parte Harrison, 135 Tex.Cr.R. 611, 122 S.W.2d. 314, the Court of Criminal Appeals of Texas held that, while the parking fee charged was not a tax in the sense that it was-, a burden laid upon the individual for the-support of the government, yet it was a. “license fee”.
 

 It is too clear for argument that, even, though it may be said that the fee charged for the privilege of parking on thcstreets of the City of Shreveport is not a tax in the ordinary and usual sense in which the word “tax” is used, yet the fee charged is a license fee or tax, exacted by the City for the privilege of doing something; —for the privilege of parking on certain designated streets. The laying or levying, of such a license fee or tax is specifically • prohibited by Act No. 10, First Extra Session of 1934, because Section 1 of the said. act provides that no municipality shall impose, levy, or collect any tax, license, or excise of any character whatsoever “upon the exercise of any right or privilege, or - upon the performance of any act whatsoever,
 
 not taxed by the State”.
 
 It is conceded. that the right or privilege of parking on . the streets of the City of Shreveport is not. taxed by the State.
 

 The cases cited by counsel for the City -■ have no application, because it is not sug- ■ gested or shown that the states in which-:, municipalities have enacted parking meter,."
 
 *634
 
 ordinances had adopted a statute similar to Act No. 10, First Extra Session of 1934. It is interesting, however, to note that, in some of the states where municipalities have adopted parking meter ordinances,, such ordinances were adopted under special acts of the legislature conferring upon municipalities power and authority to adopt them. One of the leading cases cited by counsel for the City is In re Opinion of the Justices., Mass., 1937, 8 N.E.2d 179. In that case the legislature of the Commonwealth of Massachusetts submitted to the Supreme Court a proposed act granting to municipalities the power and authority to adopt parking meter ordinances, and asked for an advisory opinion as to whether the proposed act would be constitutional. The court advised that the act would be constitutional and stated that the ordinances adopted under its provisions would be valid provided the terms of the ordinances were reasonable.
 

 In the case of In re Opinion to the House of Representatives, 1939, 5 A.2d 455, the Supreme Court of Rhode Island held that the grant to the City of Providence of the power and right to regulate and control its traffic did not, either expressly or by necessary implication, grant such municipality the power to exact a fee or license charge for the parking of vehicles on its streets.
 

 The eleventh paragraph of Section 11, Act No. 220 of 1912, which is an amendment to the charter of the City of Shreveport, gives the City the right “to prescribe and regulate the manner in which the highways, streets, avenues, lanes, alleys, courts, public grounds and public places within the city, shall be used, and for the preservation thereof; and the prevention of injury to the curbs, gutters, pavements, sidewalks, trees, streets, lawns and parts therein”.
 

 This charter provision does not specifically authorize the City to charge a fee for the privilege of parking automobiles on the streets, nor can such authority be implied. But, even if it could, the act of the Legislature of 1934 has withdrawn such authority.
 

 Counsel for the City, speaking of Act No. 10, First Extra Session of 1934, say in their brief at page 19 that “it is obvious that the Legislature had in mind the levy or imposition of a tax either upon property or upon a vocation”. But the terms of the act are broader than counsel seem to think they are, because Section 1 of the act, after stating that no municipality shall impose, levy, or collect any tax, license, or excise of any character whatsoever upon any property, business, vocation, or profession, contains the following clause:
 
 “or. upon the exercise of any right or privilege, or upon the performance of any act whatsoever, not taxed by the State".
 
 (Italics ours.) If the Legislature had intended to prohibit the levy of a tax, license, or excise only upon property or upon a vocation, as argued by counsel, there would have been no necessity for adding this clause, because property taxes and taxes upon businesses, occupations, and vocations had already been mentioned.
 

 After this case was argued and submitted, appellees filed a motion to dismiss
 
 *636
 
 the appeal. The motion cannot be considered because it was filed too late.
 

 For the reasons assigned, we adhere to our ruling in the Brister case, and the judgment appealed from in this case is affirmed.