SIMMONS, APPELLANT, *v.* KIEFFER ET AL., APPELLEES.

(No. 4198—Decided May 2, 1951.)

*Mr. Paul C. Weick* and *Mr. Ernest W. Teodosio,* for the motion.

*Messrs. Meade, Weygandt & Leonard,* contra.

DOYLE, J.  There is presented, for the consideration of this court, a motion filed by the appellee Louise Teodosio, which seeks to have stricken from the files

the petition of the appellant on the grounds, first, that it is a sham petition, and second, that the issues are *res judicata.*

It appears from the pleadings, journal entries, and other papers in the case, brought to us from the Common Pleas Court of Summit County, that Albert C. Simmons, the appellant herein, brought his action praying that a constructive trust, in his favor, be impressed upon certain United States Government bonds, or the proceeds therefrom, and for further relief in connection therewith. Upon motion of defendant Louise Teodosio, in the said Court of Common Pleas, that the petition be stricken from the files on the grounds that it was a "sham" pleading, a "vexatious" suit, and that the suit "was not filed in good faith," the court struck the petition from the files and entered a judgment for said defendant.

Subsequent to the entering of this final order, appeal was made to this court on questions of law and fact, and the motion first observed above was here interposed, asking this court to strike the petition from the files.

From the foregoing, it will be observed that the action was one invoking the equitable jurisdiction of the Court of Common Pleas, and, of course, if a trial had been had on the merits in that court, the case would have been properly appealable to this court on questions of law and fact for trial *de novo.* Under ordinary circumstances, the appellate jurisdiction of the Court of Appeals cannot be invoked to conduct a trial on issues of fact, unless such a trial has been had in the court of first instance (*LeMaistre, Admr.; Warner, Admx.,* v. *Clark,* 142 Ohio St., 1, 50 N. E. (2d), 331) or unless the litigants agree to a trial *de novo* in the appellate court or by their conduct waive such preliminary step (*Drake et al., Trustees,* v. *Tucker et al.,* 83

Ohio St., 97, 93 N. E., 534; *Trumbull Savings & Loan Co.* v. *Saviers,* 115 Ohio St., 403, 154 N. E., 317; *Union Trust Co.* v. *Lessovitz,* 122 Ohio St., 406, 171 N. E., 849).

The action of the trial court in the case before us was not a hearing on the merits of an action in equity. The sustaining of the motion and the dismissal of the petition was not, under the appellate procedure act, such a final order, on the merits of the controversy, as to furnish the basis for an appeal on law and fact. Under the act, the proper procedural step would have been an appeal on questions of law. However, as inferred above, if an appellee fails to challenge the right of the appellate court to hear the appeal on law and fact, or affirmatively consents to the hearing *de novo,* he thereafter cannot challenge the action taken, because he has waived the right to make such challenge. See, 2 Ohio Jurisprudence (Revised), Appellate Review, Section 469, and cases therein cited.

As the case now stands, it will be observed that the appellant has appealed on questions of law and fact. The appellee has moved in this court to strike the petition from the files, thereby not challenging, but affirmatively acquiescing in, the appeal on law and fact made by her adversary.

Under the circumstances heretofore shown to exist, it may be that this court could *sua sponte* dismiss the appeal on law and fact and retain the case on questions of law—giving, at the same time, an opportunity to the appellant to prepare and file a bill of exceptions. This question we do not decide, because it is our purpose to retain the case, with the consent of the parties, for trial *de novo* on the merits.

Proceeding now to rule on the motion to dismiss the petition for the claimed reasons as heretofore stated —that it is a "sham petition," and that the issues are

"*res judicata*"—it is determined that it should be overruled.

Motions are not regarded as pleadings in the ordinary or technical sense of the term. In most instances, they cannot be made available to settle important questions, or to dispose of the merits of a case, unless made during a trial on the merits. Certainly, a motion to strike a petition from the files on the claim of *res judicata*, as here attempted, is not sufficient to raise this issue. And "issue" it is, because a former adjudication which is sought to be used as a defense to a cause of action is itself an ultimate fact, or matter in issue, and the judgment not only may and should, but must, be pleaded. *Norwood* v. *McDonald et al., Admrs.,* 142 Ohio St., 299, 52 N. E. (2d), 67; 23 Ohio Jurisprudence, Judgments, Section 883, and cases therein cited. Evidence was introduced on the point of *res judicata,* but, for the reasons heretofore stated, it cannot be considered on the motion.

The point of the right to dismiss a petition on motion prior to trial on the merits, on the ground that the petition is a "sham," is "vexatious," and not filed "in good faith," we are not called upon to decide, for the reason that no evidence was introduced on this question. It is noted, however, that the case of *Barrett* v. *W. S. Goff Co.,* unofficially reported in 11 Ohio Law Abs., 323, seems to sustain the claim of such a right.

*Motion overruled.*

Hunsicker, P. J., and Stevens, J., concur.