EAST SIDE BAPTIST CHURCH et al. v. MORGAN.

No. 35000.   July 10, 1951.

*233 P. 2d 957.*

Herman S. Davis, Mangum, for plaintiffs in error.

Hollis Arnett, Mangum, for defendant in error.

CORN, J. This is the second appeal to this court. For a more complete statement of the facts see H. P. Morgan v. H. F. Atkinson et al., 203 Okla. 111, 218 P. 2d 1049.

The record reflects that the judgment was rendered September 5, 1950, case-made was settled and signed October 20, 1950, and the appeal was not filed in this court until February 6, 1951, which is more than three months from the rendition of the judgment.

The 1949 Legislature passed an act amending 12 O.S. 1941 §972, as follows:

"§972. All proceedings for reversing, vacating or modifying judgments, or final orders shall be commenced within three (3) months from the rendition of the judgment or final order complained of; provided, however, that the trial court may in its discretion extend period of time not to exceed six (6) months.

"Provided, that in case the person entitled to such proceedings be an infant, a person of unsound mind or imprisoned, such person shall have three (3) months, exclusive of the time such disability, to commence proceedings.

"Section 2. Repealing Clause. All laws and parts of laws in conflict herewith are hereby repealed.

"Approved June 2, 1949."

There is no showing in the case-made that an order extending the time for the filing of the case in this court was granted by the trial court.

Where a petition in error to review a judgment of the district court was filed in this court more than three months after the rendition of the judgment and no extention of time for filing the appeal in this court was granted, this court acquires no jurisdiction to entertain the appeal and the same will be dismissed. Alexander Drug Co. v. Holbert, 156 Okla. 198, 10 P. 2d 412.

"A court is bound to take notice of the limits of its authority; and it is its right and duty to make a preliminary examination of its jurisdiction to entertain the cause, of its own motion, even though the question is not raised by the pleadings or is not suggested by counsel. If the court finds at any stage of the proceedings that it is without jurisdiction, it is its duty to take proper notice of the defect by staying the proceedings, dismissing, or other appropriate action." 21 C.J.S. p. 175, §114.

This court will determine for itself whether its jurisdiction to review the cause appealed has been invoked. In re Magnolia Petroleum Co., 138 Okla. 205, 280 P. 574.

On December 19, 1950, in Sheets v. Sheets, Guardian, 204 Okla. 88, 226 P.

2d 915, and Adams v. Hobbs, 204 Okla. 85, 226 P. 2d 913, we held:

"12 O.S. 1941 §972, as amended, S.L. 1949, p. 97 §1, 12 O.S.A. Supp. §972, provides that appeals must be taken within three months from the rendition of the judgment or final order complained of, but that the trial court in its discretion may extend the time for not to exceed six months. Under the provisions of this amendment, where no order is made by the trial court within three months from the rendition of the judgment or final order complained of, extending the time within which to file an appeal in this court, such judgment becomes final, and the trial court is thereafter without jurisdiction to extend the time within which to file such appeal."

Where the petition in error is not filed in this court until after the expiration of three months from the date of the final judgment complained of and no order is made by the trial court extending the time, this court has no jurisdiction over the subject matter, and the appeal will be dismissed. Miller v. Mentzer, 186 Okla. 496, 98 P. 2d 913, and cases cited therein.

A motion has been filed in this court to dismiss the appeal because no motion for a new trial was filed and passed on by the trial court. Having arrived at the foregoing conclusion, it will be unnecessary to consider said motion.

Appeal dismissed.