AUTO CONVOY COMPANY, a foreign corporation and Ober W. Willingham, Plaintiffs in Error,

v.

Issac D. SMITH, Defendant in Error.

No. 38365.

Supreme Court of Oklahoma.

March 15, 1960.

Rehearing Denied April 19, 1960.

Application for Leave to File Second Petition for Rehearing Denied May 17, 1960.

Charles F. Burns, Miami, Henry Exall, Jr., Dallas, Tex., for plaintiffs in error.

Jack C. Brown, Miami, for defendant in error.

PER CURIAM.

The defendant in error, Issac D. Smith, filed a motion to dismiss the appeal in this case for the reason that the appeal was not filed in this Court within the time allowed by law.

The motion for new trial in this case was overruled by the trial court on March 7, 1958, and the defendants below gave notice of appeal and were allowed at that time an extension of 60 days from the 7th of March, 1958, to make and serve case-made, and plaintiff to have 20 days thereafter to suggest amendments, same to be settled on five days notice in writing by either party. A further extension of 30 days was taken in the matter on the 1st of May, 1958, and again on the 5th day of June, 1958, an order was entered by the trial court extending the time for 30 days to make and serve case-made, and the plaintiff to have an additional 10 days thereafter in which to suggest amendments, same to be settled thereafter on five days notice in writing by either party. The case-made was actually settled by the trial judge on July 15, 1958, and filed in this Court on the same date. Nowhere in the record is there any order which extended the time for filing the appeal in this Court.

Under the provisions of 12 O.S.1951 § 972, an appeal must be filed in the Supreme Court within three months from the rendition of the judgment or final order complained of unless the trial court extends the period of time. In this case the three months expired on the 7th day of June, 1958. The sole question in this case was settled by us in the case of City of Cleve-

land v. Hambright, Okl., 320 P.2d 388. In that case we specifically held that an order of the trial court extending the time to make and serve case-made does not extend the time in which to perfect the appeal. See also Adams v. Hobbs, 204 Okl. 85, 226 P.2d 913; Wilson v. Wilson, Okl., 264 P.2d 733; Roof v. Fechtel, Okl., 258 P.2d 890.

Section 8, Article 7, of the Constitution, provides as follows:

> "The appellate and the original jurisdiction of the Supreme Court shall be invoked in the manner now prescribed by the laws of the Territory of Oklahoma until the Legislature shall otherwise provide."

The Legislature of our State has provided that appeals must be filed within three months from the rendition of the judgment or final order complained of and since we have held that an extension of time in which to prepare and serve and settle case-made does not extend the time for filing the case in this Court, the appeal in this case must of necessity be, and is hereby dismissed.

WILLIAMS, V. C. J., and HALLEY, BLACKBIRD, IRWIN and BERRY, JJ., concur.

JOHNSON, J., concurs by reason of stare decisis.

JACKSON, J., concurring specially.

WELCH, J., and DAVISON, C. J., dissent.

JACKSON, Justice (concurring specially).

During pendency of this appeal on rehearing, and before the original opinion became final, plaintiff filed a motion to dismiss appeal, asserting, for the first time, that defendants failed to lodge their appeal herein within the time allowed by statute, by reason of which this court was and is without jurisdiction to decide the case on appeal.

The record shows that the trial court, by several orders, extended the time in which to make, serve and settle case-made to July 15, 1958, the date on which the case-made and petition in error were filed in this court, but that the trial court had not extended the time for filing an appeal in this court. Under provisions of 12 O.S. 1951 § 972, that time expired on June 7, 1958, three months after date of the order overruling defendants' motion for new trial.

In City of Cleveland v. Hambright, Okl., 320 P.2d 388, we held that an order of the trial court extending the time to make and serve case-made does not extend the time in which to file an appeal in this court.

We held in Love v. Weeks, Okl., 268 P. 2d 215; East Side Baptist Church v. Morgan, 204 Okl. 685, 233 P.2d 957, and other cases, that where petition in error, with case-made attached, was not filed within three months after order overruling motion for new trial or any order extending time for appeal, the appeal would be dismissed for lack of jurisdiction of this court to decide the appeal. This is in accord with the general rule. 4A C.J.S. Appeal & Error § 445, 3 Am.Jur. Appeal & Error, Sec. 727.

Defendants do not challenge the record in the instant case, nor the rules of law above-cited. Their sole contentions are that plaintiff waived, or is estopped to raise, the jurisdictional question by failing to assert same prior to rehearing or by previously submitting the appeal on the merits.

It is undoubtedly the general rule, as stated by defendants, and supported by numerous authorities, that questions which were not presented or considered on the original hearing will not be considered on rehearing. That rule, however, is subject to several exceptions. In 5 C.J.S. Appeal & Error § 1421, it is stated:

> " * * * So, points which have been waived on the hearing, either expressly or by implication, will not be considered on a petition for rehearing. This rule will be departed from only in

cases where the refusal of the rehearing would work manifest injustice, the circumstances are exceptional, the public interest is involved, *the question presented is jurisdictional* or involves fundamental error apparent on the face of the record, or where the error appearing on the face of the appeal record is brought to the attention of the appellate court before its judgment has become final." (Emphasis added).

In 3 Am.Jur., Appeal & Error, Section 744, it is said:

"Time for Motion to Dismiss.—
* * * However, after the review proceeding has been perfected and filed and docketed in the appellate court, the motion should be made at the first opportunity, since the motion may be denied for laches in moving. *This rule does not apply to a motion to dismiss for want of jurisdiction, made at any time prior to a final determination of the proceeding.*" (Emphasis added).

In Hirshon v. Whelan, D.C.Mun.App. 1954, 113 A.2d 484, it was held in the second paragraph of the syllabus:

"Notwithstanding general rule that question first raised on motion for rehearing on appeal will not be considered, jurisdictional questions first raised at such time will be considered."

In West v. Edwards, 1943, 62 Nev. 1, 134 P.2d 932, 139 P.2d 1022, an exception was made to the general rule against granting rehearings on points raised for the first time on petition for rehearing, where such petition questioned jurisdiction of Supreme Court to entertain the appeal.

Defendants' contention that plaintiff waived or is estopped to raise a jurisdictional question for the first time on rehearing is wholly without merit. In Jones v. Norris, 1939, 185 Okl. 125, 90 P.2d 403, we held, in the first and second paragraphs of the syllabus:

"1. Parties cannot confer jurisdiction on the Supreme Court either by agreement or waiver.

"2. The question of jurisdiction of this court can be raised at any time prior to the issuance of mandate."

This is in accordance with the weight of authority. 21 C.J.S. Courts § 109. 3 Am. Jur., Appeal & Error, Section 744.

Indeed, we have held that it is the duty of this court, sua sponte, to inquire into its own jurisdiction, whether raised by the parties or not. Biser v. Biser, 176 Okl. 210, 55 P.2d 446; Saunders v. Firestone, 176 Okl. 135, 54 P.2d 1024; Hamilton v. Browder, 176 Okl. 229, 54 P.2d 1025; Myers v. Berry, 3 Okl. 612, 41 P. 580.

For the reasons above-stated, I concur in the opinion of the majority that this court is without jurisdiction to decide this appeal, and that the same should be dismissed.

I am authorized to state that WILLIAMS, V. C. J., and BERRY, J., concur with the views herein expressed.

WELCH, Justice (dissenting).

The present dismissing of this appeal would be quite untimely, and in my view would perpetrate a definite and very obvious injustice. We do not need to do so and the holder of this invalid judgment is not entitled to have us do so, nevertheless, the decision of dismissal of this appeal is about to validate and make permanent a large money judgment which is invalid and which has been determined to be invalid by solemn judgment and duly adopted and promulgated opinion of this court, as filed in this cause and printed in 30 O.B.J. 1147. That determination was made after hearing both parties on the merits by their extensive briefs. That decision was concurred in by all seven of the Justices who were present and participated. There was no dissenting view.

That decision was adopted and promulgated in written opinion on June 30, 1959. That decision is now fully determinative of the jurisdiction of this court, and of all rights of the parties as to both constitutional rights and statutory rights subject to the consideration of the pending petition

for rehearing. There was no permission granted or requested to file anything else. This court should now proceed to consider that petition for rehearing in the orderly manner, and may well do so under the circumstances here involved.

In my view it is unconscionable that we should now consider, much less sustain, this so-called motion to dismiss which was filed so preposterously late, and improperly filed without permission being sought or granted. Our records demonstrate that the unheard-of tardiness in filing this so-called motion to dismiss must be held to have been in law deliberate and intentional and for the purpose of serving the particular interests of movant.

All these statements I feel that I can justify by stating the facts and the conclusions which I think can logically be drawn therefrom, referring to the parties by name or by their trial court designation where Smith was plaintiff and Auto Convoy was defendant.

The appellee Smith, plaintiff below, now for the first time contends that there was too much delay in filing the case made herein on July 15, 1958.

Smith contends that the last day to file case made, expiration of three months, was June 7, 1958. The majority opinion overlooks the occurrences since June 7, 1958, a part of which are here listed.

On June 30, 1958, Smith, by his counsel, signed a certificate that the case made was full, true and correct. On the same day, June 30, Smith by his counsel also signed an acceptance of service of the case made and received a copy thereof. On July 10, 1958, Smith by his counsel participated in completing the case made by a written suggestion of amendments to the case made wherein he suggested six numbered stated corrections, with his affirmative prayer that the six suggested amendments be adopted. They were adopted and the corrections were made on July 11, 1958, and thus Smith by his counsel procured the correction and completing of the case made.

It must have been the understanding of both parties that the trial court, in extending the time to make and serve and correct or amend, and to settle the case made, that the court intended to and did in effect extend the time to file in the Supreme Court. Otherwise both parties were engaging in futile gestures in making and serving the case made, in suggesting amendments for their value in the Supreme Court, and in joining in completing the case made for the benefit of both parties in the Supreme Court, and the defendant in error Smith affirmatively sought substantial benefit on this case made in the Supreme Court.

The case made was settled on July 14, 1958, and on that date was filed in the trial court and was withdrawn and filed in this court on July 15, 1958.

All these things occurred after expiration of three months and long before expiration of six months, and therefore they occurred, with aid and participation by Smith, at a time when, if Smith contends the time expired June 7, 1958, there was yet ample time for plaintiff in error to have exercised his right to have a hearing and obtain a specific extension of time to file the case made.

But Smith raised no such question and aided and assisted in completing the case made for filing in the Supreme Court.

If defendant in error Smith had ever really intended to rely on this point which is now suggested, he could have presented it as early as July 16, 1958. But it served his interests then not to mention it. First, because if it had been suggested within the six months from March, 1958, the adversary might have obtained a hearing and an unquestionable extension of time to file in the Supreme Court. Second, at that time the defendant in error Smith desired that the case made be and remain in the Supreme Court on appeal so that he might rely thereon to seek substantial additional relief in the Supreme Court. At any rate, defendant in error Smith did not seek dismissal of this appeal when it would have been proper for him to do so.

Thereafter, on September 15, 1958, plaintiff in error filed its brief. Thereafter, on the 28th day of October, 1958, and on other dates as follows: December 2, 1958, and January 13, 1959, defendant in error Smith requested and obtained extensions of time to brief, and thereafter on January 23, 1959, defendant in error Smith at substantial expense filed his 110 page brief on the merits, and raised no question whatever as to any delay in filing the case made.

Thereafter, on March 27, 1959, plaintiff in error filed reply brief.

The case in this court remained pending with issues joined on the merits until this court decided the case on June 30, 1959, by its opinion shown at 30 O.B.J. page 1147. In that decision and opinion we held that the verdict and judgment in favor of Smith for some $32,000 was invalid because of unlawful invasion and presence in the jury room of an unauthorized person during the entire deliberation of the jury. It was stated in our opinion and decision as follows:

"As hereinbefore indicated, it seems to be agreed that Mrs. Crawford's presence in the jury room, at least at the particular time she was there, was a sufficient invasion of defendants' right to the jury trial guaranteed by our State Constitution, to vitiate the verdict and judgment based thereon. * * *"

And in and by that decision we vacated the invalid judgment and remanded the cause for a new trial.

Defendant in error Smith in his brief filed January 23, 1959, affirmatively and expressly relied upon the case made filed in this court, seeking to have this court not only to affirm the judgment he obtained in the trial court against defendant, but also to render additional judgment against the St. Paul Mercury Insurance Company, an Insurance Corporation of well known solvency, in the sum of approximately $32,-000.

In no manner up to this time had Smith raised any question as to any alleged tardy filing of the case made.

On July 15, 1959, defendant in error filed his petition for rehearing consisting of many pages, and presenting numerous contentions, but making no mention whatsoever of any claim that there was any tardy filing of the case made.

Thereafter, on September 15, 1959, while said petition for rehearing was awaiting action of the court, Smith filed his motion to dismiss, or his motion to vacate the decision of June 30th, and dismiss the appeal because he alleged that one year and three months theretofore the plaintiff in error had been late in filing the case made.

This last motion was filed without obtaining or even seeking permission to file the same, and therefore its filing was wholly unauthorized, and it should be stricken from the files.

Plaintiff Smith actually and affirmatively participated in completing this case made after he contends it was too late to file it. He helped to complete it for filing and therefore in law he participated in the tardy filing of the case made. He also joined in relying on the case made in this court. He should have no relief now except the right granted him in our opinion of June 30, 1959, to return to the trial court for a new trial, there to recover a valid judgment. He has no right now to collect the former invalid judgment which is permitted and allowed by the present dismissal of appeal. I think it is keenly unjust to compel payment of that judgment so legally invalid as it was determined to be.

I cannot see that the defendant in error is entitled to have our opinion withdrawn and the cause dismissed thereby reinstating his invalid judgment for $32,000. He seems to have agreed as shown by our opinion that there

"* * * was a sufficient invasion of defendant's right to the jury trial guaranteed by our State Constitution, to vitiate the verdict and judgment based thereon. * * *"

As I view it, the question is shall we protect the defendant's constitutional right to a jury trial? Or shall we violate that

right to his detriment in the sum of $32,-000, in order to protect plaintiff's right, if he has any right, to now complain that there was undue delay back in 1958, in filing the record on appeal.

The result of dismissing the appeal now is to grievously and unjustly penalize the defendant in violation of his constitutional right. The opposite result would not penalize the plaintiff at all. It would take nothing from him as he has nothing but a judgment in form, but which is invalid because based upon the violation of defendant's constitutional right. The opposite decision would merely result in a remand of the cause for a new trial. It would take no right from either party. If the plaintiff is entitled to judgment for $32,000 (or more as he sued for more) he would have ample opportunity to protect that right and to recover a valid judgment. He.ought not to ask for anything else. If he does ask for anything else of this court, we should deny it under the circumstances here shown.

I think we should strike this motion because there is no provision for it being filed at this time, and he neither sought nor obtained permission to file the same, or we should merely deny the motion.

There is ample legal authority justifying such action on the part of this Court.

Nearly seventy years ago a case involving similar rules arose and was determined in Wyoming. Metcalf v. Hart, 3 Wyo. 513, 27 P. 900, and second opinion on petition for rehearing and motion to dismiss, Metcalf v. Hart, 3 Wyo. 513, 31 P. 407.

There, as here, the plaintiff prevailed in the trial court and defendant appealed. There, as here, both parties briefed and presented the case solely on the merits, and there, as here, the Supreme Court reversed the judgment and remanded the cause with directions.

There, as here, the defendant in error filed petition for rehearing and also filed a motion to dismiss, claiming for the first time that the court was without jurisdic-tion because the original judgment of the trial court was not an appealable order.

The first opinion in 27 P. 900, discussed the case at great length and determined its merits without any reference to the question of jurisdiction or whether the original decree of the trial court was an appealable order, (19 pages) with a dissenting opinion which likewise contained no reference to any possible error in taking the appeal.

The second opinion in 31 P. 407, denied rehearing and denied motion to dismiss. The syllabus in one paragraph is as follows:

"A decree appealed from was for the surrender of the realty in controversy, and directed a reference to ascertain the value of the rents and profits. Held that, after the decree has been declared erroneous on appeal, a motion to dismiss the appeal on the ground that it was prematurely taken because it was not final, will not be sustained, since the effect would be to send the cause back to the trial court, to enable it to ascertain the amount of rents and profits to which, by the reversal of the decree, it was decided no one was entitled."

And after denying the rehearing the body of the opinion concludes as follows:

"On Motion To Dismiss Appeal (May 23, 1892.)

"Conaway, J. After the argument and decision of this cause, and the denial of a motion for rehearing, a motion to dismiss the appeal is made on the ground that the decree appealed from is not a final decree, and the appeal is therefore premature. The cases cited in support of this motion do not show that such a motion is permissible at this stage of the proceedings. Many well-considered cases hold to the contrary. The decree appealed from was for the surrender of the realty in controversy, and all improvements thereon, to appellee, and for the rents, issues, and profits from September 5, 1885, and directing a reference

to the master commissioner to take and report testimony as to the value of each separate piece of property adjudged to be the property of defendant, appellee here, from that time until the making of such report. It is claimed that the decree is not final until this amount is ascertained, and put in the form of a decree. This court finds that the decree as made is erroneous, and must be reversed. The effect of the motion, if sustained, is to send the cause back to the trial court, to enable it to ascertain the amount of rents, issues, and profits, to which no one is entitled. The court will not do a vain thing. Motion denied."

I like the use of that word *"vain."* In the sense in which it is used, according to Webster's Dictionary, it is synonymous with "empty" — "inane" — "useless" — "idle" — "petty" — "void of sense or intelligence" — "silly."

In like connotation I dissent to the doing of such a *vain* thing in the case at bar.

We would do well to apply to this case the last four sentences above quoted from the Wyoming Supreme Court, and to state in the case at bar:

"This court finds that the decree as made (judgment based on jury verdict) is erroneous (based on violation of defendant's constitutional right) and must be reversed. The effect of the motion (to dismiss) if sustained, is to send the cause back to the trial court to enable it (to require it) to enforce a judgment of known invalidity to which no one is entitled. The court will not do (such) a *vain* thing. Motion denied."

The case of Simmons v. Kieffer, 90 Ohio App. 117, 104 N.E.2d 48, is cited for the rule that if an appellee failed to challenge right of appellate court to hear appeal on law and fact, or affirmatively consents to hearing de novo, he thereafter cannot challenge the action taken, because he has waived right to make challenge.

The only case cited which makes any reference to a right to file a motion to dismiss appeal at any time is the Louisiana case of Cahow v. Hughes, La.App., 173 So. 471, which holds in paragraph two of the syllabus as follows:

"Rule that a motion to dismiss the appeal may be made at any time applies to those cases only where such motion is based on want of legal right to appeal, and not when founded on any informality or irregularity in bringing up appeal."

In the same case the court held in paragraph one of the syllabus as follows:

"Appellee's appearance in appellate court in first instance held waiver of late filing of transcript of appeal in reviewing court precluding appellee's motion to dismiss appeal on such ground after case had been argued, submitted, and decided on one hearing in the appellate court and was pending on rehearing."

In Louisiana in the case of Monsour v. City of Shreveport, 194 La. 625, 194 So. 569, it was held that a motion to dismiss an appeal not filed until after the case was argued and submitted could not be considered.

In Bismarck Hotel Co. v. Wittbold, 300 Ill.App. 612, 21 N.E.2d 815, it was held in paragraph five of the syllabus as follows:

"The point, made for first time in defendant's brief, that notice of appeal of plaintiff was not filed within 90 days and therefore court was without jurisdiction to entertain appeal, was too late, since the filing of brief was equivalent to a joinder in error and operated as waiver of right to move to dismiss appeal."

I would here repeat for emphasis that in the case at bar the defendant in error, after the date when he now complains time to file the record had expired, affirmatively participated in perfecting and completing the record and having it settled by the trial judge for the purpose of filing in the Supreme Court, and did so for his personal

pecuniary benefit, because he thereafter relied on the case made and sought to improve his judgment by having it also rendered against the Insurance Company, which was certainly a joinder by him in the error of the delayed filing of the case made in 1958.

In Fread v. Hoag, 132 Ill.App. 233, it was held that:

"A motion to dismiss an appeal for irregularities in perfecting the same is waived by filing a brief on the merits."

In Finlen v. Foster, 211 Ill.App. 699, the court considered a motion to dismiss, but since it was filed after briefs on the merits had been filed, the cause was treated by the court as if error had been joined, though the court said:

"If appellees had moved to dismiss the appeal on these grounds and no further action had been taken by appellants, said motion should have been granted."

In McDermott v. Hacker, 109 Iowa 239, 80 N.W. 338, it was held in paragraph one of the syllabus as follows:

"Where appellees, for more than two years, withheld their motion to dismiss the appeal and affirm the judgment on the ground that appellant's abstract was not filed within the time required by the Code and rules of practice, and thereby induced appellant to incur expense, in the belief that the appeal would be heard on its merits, they will be held to have waived their right to interpose the motion."

In the body of the opinion on this point, after setting out in detail the various dates involved, the court concluded on this point as follows:

"For more than two years appellees withheld this motion, and thereby induced appellant to incur expense in the preparation of her abstract and argument, in the belief that the appeal would be heard on its merits. Such laches should not be rewarded, but appellees should be held to have

waived their right to interpose this motion when they did. The motion is overruled."

In Armentrout v. Baldwin, 163 Iowa 410, 144 N.W. 1003, the court held in the first paragraph of the syllabus as follows:

"Appellant attempted to dismiss his first appeal on April 15, 1912, but such dismissal was only filed in the office of the clerk of the district court, and not in the Supreme Court. Under the first notice of appeal an abstract was due from appellant in time for the May, 1912, term, and appellee was entitled to move to affirm at that term for failure to file an abstract, but did not do so, and in August, before appellant's abstract was filed, appellee's counsel required a new supersedeas bond to be filed under the second appeal, or that the bond under the first appeal should be refiled, which was done, and appellant thereafter filed his abstract. Appellee's counsel thereafter requested time to prepare an amended abstract, which was granted, and the amendment filed on October 31st, and appellee did not move to affirm for failure to file an abstract at the September term, or at the January, 1913, term until March 13th, which was the third period of such term. Held, that appellee waived any right to move for affirmance of the judgment for appellant's failure to file an abstract under the first appeal."

And in the body of the opinion in explaining the controlling legal philosophy, the court said:

"If the present position of appellee is tenable, he was entitled to present his motion to affirm at the May, 1912, term. He did not do so. In August, 1912, and before appellants' abstract was filed, the correspondence referred to shows that counsel for appellee required that a new supersedeas bond should be filed under the second appeal, or that the first bond should be refiled therein. This demand was complied

with by appellant. Thereafter the appellants filed their abstract. Following this, counsel for appellee requested time to prepare amended abstract, and such request was granted. Such amendment was filed on October 31st. The larger part of this amended abstract dealt with the merits of the case, and was not material to a consideration of the point now made. Appellee presented to this court no motion to affirm at the September term; nor yet at the January, 1913, term until March 13th, being the third period of such term. No explanation is offered for such delay. Pending such delay, the appellants incurred large expense in preparing their case for submission on its merits, and the appellee knew it. We think the conduct of the appellee was a clear waiver of his right, if any, to an affirmance on motion.

"In Newbury v. Getchell & Martin Lumber Co., 106 Iowa 140, 152, 76 N. W. 514, 518, we said:

" 'We are not to be understood as holding that the appellee, in all cases in which the appellant has failed to file an abstract within the time limited, and further time has not been granted, will be entitled to a dismissal or affirmance, on the filing of a motion with the necessary abstract or transcript. It is undoubtedly true that the right to a dismissal or affirmance may be waived by agreement or consent, or by failing to insist upon it, and perhaps in other ways, and that the appellee may be estopped by his conduct to assert the right.'

"In McDermott v. Hacker, 109 Iowa 239, 241, 80 N.W. 338, we said:

" 'For more than two years appellees withheld this motion, and thereby induced appellant to incur expense in the preparation of her abstract and argument, in the belief that the appeal would be heard on its merits. Such laches should not be rewarded, but appellees should be held to have waived their right to interpose this motion when they did. The motion is overruled.'

"Appellee's motion to affirm will therefore be overruled."

In Hewitt v. Blaise, 202 Iowa 1109, 211 N.W. 479, the court held in paragraphs 1, 2 and 3 of the syllabus as follows:

"While Supreme Court cannot waive statutory requirement that abstract be filed 30 days before second term after appeal is taken, appellee, by agreement or conduct, may waive right and estop himself to file motion to dismiss appeal or affirm judgment.

"Appellee must file motion to dismiss appeal or affirm judgment with reasonable promptness, and, failing to do so, cannot complain of appellant's failure to file abstract within time required after appellant has incurred expense in preparing and printing it.

"Appellee not filing motion to dismiss appeal or affirm judgment for failure to file abstract 30 days before second term, to which appeal was taken, until many months after abstract should have been filed, and several months after it was filed, held not entitled to such relief."

In the body of the opinion the court said:

"Before considering the case upon the merits, it is necessary to dispose of a motion filed by appellees to affirm or dismiss the appeal upon the ground that the abstract was not filed 30 days before the second term to which the appeal was taken. It may be conceded, for the purposes of this case, that appellant's abstract should have been filed 30 days before the September term of this court, which commenced September 22, 1925. An abstract was filed November 25, 1925, and appellant's brief and argument August 3, 1926. Appellees' motion to dismiss or affirm was not filed until March 20, 1926. Upon submission of this motion in this court, which was on April 9, 1926, it was ordered sub-

mitted with the case. Since that date, appellees have filed an additional abstract and a brief and argument.

"While this court has no power to waive the provisions of the statute requiring abstracts to be filed at least 30 days before the second term after an appeal has been taken, the appellee may, by agreement or by his conduct, waive the right to file a motion to dismiss or affirm and estop himself from doing so. In this case it appears that the motion to dismiss or affirm was not filed until March 20, 1926, many months after the abstract should have been filed, and several months after one was in fact filed. We have held, and it is the rule recognized by this court, that, if the appellee desires to file a motion to dismiss or affirm, he must do so with reasonable promptness, and cannot defer until the appellant has incurred expense in the preparation and printing of an abstract, and thereafter complain because same was not filed within the time required. The time that elapsed after the filing of the abstract, before the motion to dismiss or affirm was filed, precludes appellee from having a dismissal or affirmance upon the ground of appellant's failure to file the abstract, and the motion should be overruled. Greeson v. Greeson, 185 Iowa 1096, 171 N.W. 601; Armentrout v. Baldwin, 163 Iowa 410, 144 N.W. 1003; Newbury v. Getchell & Martin Lumber Mfg. Co., 106 Iowa 140, 76 N.W. 514. We pass now to consider the case upon its merits."

I recognize the fact that the provisions of law as to time for perfecting appeal in other states are not exactly the same as the provisions of our law, however, I have not observed any important difference, and plaintiff has not cited any. But surely the legal philosophy is the same, or quite similar so as to make these authorities from other states very persuasive, since this is the first time this court has determined such a question under these exact circumstances.

In other states of course there are time requirements as to proceedings on appeal. For that matter there are requirements for timely commencement of proceedings even in trial courts. I think we should carefully consider the action of courts in other states in their efforts to administer justice under circumstances which touch the circumstances of this case, and those decisions, together with our own logical thinking, should guide us to a proper and legal and just determination of this matter now before us.

This court determined its jurisdiction in this case when it considered the case on the briefs and presentation of the parties, and determined the case on its merits. That legal principle has often been held and followed.

It is a well settled principle of law, supported by authorities too numerous to mention, that when a court of general jurisdiction, in a cause with subject matter apparently in the court's jurisdiction, has considered said cause and fully determined the issues presented by the parties, the presumption is conclusive that the court considered and determined everything necessary to find that it did have jurisdiction of the particular case.

In Oklahoma, as shown by many authorities, this legal principle is extended to apply to county courts. On that point our statutes provide in 58 O.S.1951 § 2, as follows:

"The proceedings of this court are construed in the same manner, and with like intendments, as the proceedings of courts of general jurisdiction, and to its records, orders, judgments and decrees, there are accorded like force, effect and legal presumption as to the records, orders, judgments and decrees of district courts."

And this general rule applies even in cases where essential facts of jurisdiction are not specifically alleged.

So in this case, in addition to the many other acts of the plaintiff hereinbefore mentioned, after plaintiff has agreed in effect

that he obtained this judgment for $32,-000 in violation of defendant's constitutional right to a jury trial, and after this court had so held and had fully decided the case on its merits, thereby determining its jurisdiction so to do, the plaintiff, without permission files this motion raising a new question not raised or mentioned in the briefs, or in the opinion, or in his petition for rehearing; this in a *vain* effort, as I see it, to reinstate his original unsound judgment against defendant of known illegality. Plaintiff's original judgment is worthless and without any merit on constitutional grounds. In my view we should seek in every way to uphold this valid constitutional right.

The plaintiff's long delayed motion to dismiss should be stricken or just denied.

In my view there could not be any sound rule of law that would require, or any wholesome rule that ought to persuade, the sustaining of this motion to dismiss at this time.

I therefore respectfully dissent.

I am authorized to say that DAVISON, C. J., concurs in these views.